## Falco License

*Kalman & Votilla,* for appellant.

*Joseph R. Rygiel,* for Secretary of Revenue.

DUMBAULD, J., August 4, 1958.—This is an appeal by Ralph A. Falco from an order of the Secretary of Revenue suspending his motor vehicle operator's license for driving too fast for conditions.

### Findings of Fact

1. On September 11, 1957, petitioner was driving his 1955 Ford sedan in a northerly direction on Route 51, transporting himself and four other passengers who were fellow-employes at the Bettis Atomic Energy plant from their homes in Connellsville to work.

2. On Route 711, before the intersection at Star

Junction with Route 51, there had been some fog in the vicinity of Attea's Hotel. Thereafter the weather was clear until upon reaching the crest of a hill near the Cela Pinos restaurant, fog was suddenly encountered.

3. Petitioner was at that time going at a speed of 40 miles per hour, being below the normal speed limit. Upon encountering the fog he immediately slowed down. Soon he suddenly noticed a vehicle ahead standing in his lane without parking lights or other signal illuminated. He immediately applied his brake, but collided with the Ford car in front of him.

4. The vehicles involved were moved to the side of the road, and in the car of a friend of petitioner's which came along, after exchanging identifications, he took to the hospital for treatment two of his passengers who had sustained cuts in the face.

5. The collision occurred at about 7:30 a.m., and several hours later petitioner returned to the scene of the accident. He was interviewed by two State troopers. The only testimony tending to sustain the Secretary's order is the testimony of one of these troopers who testified that Falco said: "It was foggy, I came up on him too fast." The trooper was not an eye witness to the collision, and his testimony as to Falco's statement did not give the actual speed of Falco's car at the time of collision. At the hearing Falco testified that he was going about 20 miles an hour after getting into the fog. There is no evidence of Falco's negligence other than the occurrence of the accident itself.

6. Petitioner has not been involved in any previous prosecutions for violations of The Vehicle Code of May 1, 1929, P. L. 905.

7. Under the evidence the suspension of petitioner's operator's license is not warranted.

8. Petitioner is not subject to suspension of his operator's license.

*Conclusions of Law*

1. This court has jurisdiction of the instant proceeding under and by virtue of the provisions of the Act of May 29, 1956, P. L. 1850, 75 PS §193.

2. Under the applicable statute in this type of proceeding, it is a matter for independent determination by this court in the exercise of its judicial discretion upon the record made in a hearing de novo whether petitioner is subject to suspension of operator's license, and whether the operator's license should be suspended: Commonwealth v. Emerick, 373 Pa. 388, 394-95, 397 (1953).

3. The order of the Secretary of Revenue suspending petitioner's operator's license should be reversed and set aside, and the license reinstated.

*Order*

And now, August 4, 1958, the above styled cause having been duly set down for hearing, and testimony having been taken, and the court having examined into the facts of the case, and determined whether petitioner is subject to suspension of operator's license, after hearing and consideration the order of the Secretary of Revenue suspending petitioner's motor vehicle operator's license is hereby reversed and set aside, and it is directed that his license be reinstated.