## Kingsley Petition

*M. L. Epstein,* for petitioner.
*Robert J. Landy,* for Commonwealth.

CULLEN, P. J., April 14, 1959.—Alton M. Kingsley filed a petition for a hearing in an appeal from the suspension of his operator's license by the Secretary of Revenue. A hearing was ordered and testimony was taken from petitioner and from the arresting officer, a member of the Pennsylvania State Police. The Commonwealth was represented by counsel at the hearing.

From the testimony it appears that Mr. Kingsley is 54 years of age and has been driving since he was 16 years of age and operates a poultry farm in Bradford County.

Eight licensed motor vehicles are used to carry on the business. The only violation of traffic laws prior to July 3, 1958, was a speeding charge July 3, 1924, in Elmira, N. Y. at which time he was charged with driving a Model T Ford at the rate of 34 miles an hour.

The basis for the action of the Secretary of Revenue was the conviction upon the information by Officer Burke of the Pennsylvania State Police alleging that as the officer rounded a curve, he had to apply his brakes to give Mr. Kingsley an opportunity to complete a pass of another vehicle, both vehicles proceeding toward Officer Burke. The officer was unable to testify, because of his position on the curve, at what point on the highway Mr. Kingsley began to pass the other vehicle, but at the time the officer first saw Mr. Kingsley, he estimated Mr. Kingsley had about 100 to 125 feet of visibility left.

Mr. Kingsley testified that although he was very familiar with the highway, he attempted to pass at a point where he normally did not pass. He had been following the car ahead of him for some distance from the Borough of Troy and that vehicle was an old car traveling about 15 to 20 miles an hour. Mr. Kingsley's speed at the time of passing was about 35 to 40 miles per hour. The officer found Mr. Kingsley's action to

be an improper pass for which Mr. Kingsley paid a fine to a justice of the peace without appearing.

At this hearing Mr. Kingsley was examined by counsel for the Commonwealth on the statements made in his letter dated November 1, 1958, addressed to the Bureau of Highway Safety in which Mr. Kingsley stated that at the time of passing he had about 100 feet of open visible highway. On such cross-examination Mr. Kingsley was emphatic that he did not pass on the curve but on a straight stretch between curves and that the straight stretch was longer than he had stated in the letter. He described his letter estimate of 100 feet as being "way under" the true distance.

In Commonwealth v. Emerick, 373 Pa. 388, 96 A. 2d 370, the powers and duties of the court upon such hearings were clearly set forth, as well as the responsibility imposed by the legislature upon the Secretary of Revenue in enforcing The Vehicle Code of May 1, 1929, P. L. 905.

In this case, the record is not positively clear that Mr. Kingsley's action was improper since the arresting officer was not in a position to see the location of Mr. Kingsley's car and the vehicle he was overtaking at the time Mr. Kingsley began to pass. Normally, on an open highway, a vehicle would be traveling much faster than the one Mr. Kingsley followed and passed. From all of the testimony and the appearance of Mr. Kingsley and the manner of his testimony, it is not believed that his alleged violation, if a violation at all, was the act of a careless driver, or an act which would require suspension in order to protect all the people using the highway.

Further, suspension of Mr. Kingsley's license would cause a degree of economic hardship which the nature of the violation, the driving record of Mr. Kingsley and his manner at the hearing, as well as his explanation of the alleged violation, does not require.

Therefore we make the following

*Order*

And now, April 14, 1959, it is therefore ordered, adjudged and decreed that the appeal of Alton M. Kingsley from the action of the Secretary of Revenue in suspending his operating privilege for 15 days is sustained, and the said suspension is revoked and annulled.