## Tiller License

*Frederick Fiegenberg*, for Commonwealth.

*Richard Kirschner*, for appellant.

WEINROTT, J., March 2, 1960.—Petitioner appealed from an order of the Secretary of Revenue suspending his operator's license for a period of 15 days. The suspension, it is contended, is improper and without justification.

The matter was fully heard de novo by this court, and upon the testimony adduced we make the following:

## Findings of Fact

1. On June 30, 1959, petitioner, who is employed as a truck driver, was operating his automobile in a southerly direction on the East River Drive in Philadelphia, and at the intersection of said Drive with the Strawberry Mansion Ramp proceeded to make a left turn; he was stopped by a park guard and charged with violation of section 1011 (d) of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §546, for making a left turn at an intersection where such turns are prohibited.

2. At 5:30 o'clock p.m., the time of the violation charged, there was a rainfall; the roadway was heavily trafficked and petitioner was not familiar with the East River Drive.

3. At the time petitioner observed the sign prohibiting left turns he had already entered into the turn and could not safely turn back to the lane of traffic in which he had been proceeding.

4. Once having partially negotiated the left turn, it was necessary in the interest of safety and to avoid creating a further peril and hazard to continue in the direction in which petitioner was traveling.

## Discussion

The power and duty of the court of common pleas on an appeal from a suspension of an operator's license by the Secretary of Revenue require that this court hear the case de novo, but while it may act independently in the exercise of its discretion, it must, nevertheless, act in accordance with the evidence and the circumstances presented: Commonwealth v. Emerick, 373 Pa. 388.

Petitioner in this case frankly and honestly admits having started to negotiate a left turn at an intersection where such turns are prohibited; however, he has offered sufficient extenuating facts and circumstances indicating that his initial action was by in-

advertence and unintentional, that thereafter once starting into the turn an emergency situation was created from which he had no alternative but to continue. It is undisputed that at the time of the occurrence the roadway was heavily trafficked and that it was raining.

We believe petitioner in this case to be a most sincere and credible person. His explanation of the occurrence and the extenuating circumstances offered are most reasonable. This court firmly believes that had petitioner turned back into the south-bound lane of traffic in the direction in which he had been proceeding when he finally observed the sign prohibiting left turns, he would have precipitated a most dangerous situation to traffic proceeding in a southerly direction behind him and would have created a hazard to the oncoming northbound traffic.

Upon full consideration of all the testimony in the light of the charge we conclude that the facts do not justify the suspension of petitioner's license on this occasion.

We conclude, therefore, that the appeal of petitioner should be sustained and the suspension set aside.

### Conclusions of Law

1. Petitioner has offered such extenuating circumstances as to fully and satisfactorily explain his action in violating The Vehicle Code.

2. Under the law and the evidence the action of the Secretary of Revenue in suspending petitioner's license for a period of 15 days was not justified.

3. The appeal of petitioner must be sustained.

### Order

And now, to wit, this March 2, 1960, petitioner's appeal from the order of the Secretary of Revenue suspending his operator's license for a period of 15 days is sustained, and the order of the Secretary of Revenue is set aside.