## Kobaly License

*Thomas J. Kalman*, for appellant.

*Robert L. Webster*, for Secretary of Revenue.

BANE, P. J., August 4, 1965.—This is an appeal by Charles Kobaly from the order of the Secretary of Revenue suspending appellant's motor vehicle operator's license for a period of one year for speeding.

## FINDINGS OF FACT

1. On the evening of October 4, 1963, appellant was operating a Mack double T truck, with a flat bed trailer, in a westerly direction on U. S. Route 40 in Menallen Township, Fayette County, Pa.

2. Appellant was apprehended by Renato A. Porreca, employed by Menallen Township as a police officer, and charged with travelling at a speed of 60 miles per hour in a 40-mile-per-hour zone.

3. Appellant entered a plea of guilty to a charge of speeding by paying the fine and costs.

4. By order of this court, dated January 15, 1965, after hearing held and consideration thereof, disposition of the case was deferred pending appellant's admission to and successful completion of a course of instruction in the Fayette County Driver Improvement School.

5. Appellant attended and successfully completed a course of instruction in said Fayette County Driver Improvement School.

## DISCUSSION

Appeals from orders of the Secretary of Revenue suspending or revoking motor vehicle operating privileges are heard de novo by the Court of Common Pleas: Act of April 29, 1959, P. L. 58, sec. 620, 75 PS §620. The hearing judge is required to make an independent appraisal of the facts: Commonwealth v. Moogerman, 385 Pa. 256; Commonwealth v. Emerick, 373 Pa. 388.

While we deem the speed involved in this appeal not to be grossly excessive, nevertheless, the frequency with which appellant has been apprehended for motor violations would ordinarily persuade us not to interfere with an order of suspension. This frequency of apprehension has led to a most serious suspension, viz., one year. For one who earns his livelihood by the operation of commercial vehicles, the loss of his operator's privileges for so protracted a period is tantamount to depriving him of any gainful employment.

While there are many who would disagree with our conclusions, none of appellant's violations individually appear to be of a serious nature. It is the cumulative effect of their number which has brought about the extended suspension. For this reason, we suggested, by way of decree, that appellant attend the Fayette County Driver Improvement School. The legislation providing for such schools throughout the Commonwealth implicitly suggests the cancellation of an order of suspension upon successful completion of a course of instruction: Act of August 1, 1963, P. L. 460, sec. 5, 24 PS §2905. Although this power is vested in the Secretary of Revenue alone, we will regard appellant as having made expiation for his present infraction so as to bring his case within the discretionary province of the court, and we will set aside the order of suspension.

Little may hereafter be said for appellant, after completing his course of driver instruction, should he again be apprehended for a motor vehicle violation.

ORDER

And now, August 4, 1965, after due consideration and hearing, the order of the Secretary of Revenue suspending appellant's motor vehicle operator's license is hereby reversed, and it is directed that his license be reinstated. Costs to be paid by appellant, Charles Kobaly.