## Commonwealth v. Klo

*Maurice Levin*, for Commonwealth.

*Thomas E. Weaver*, for appellant.

FRANCIOSA, J., January 2, 1973.—This is an appeal from the suspension of motor vehicle operating privileges. On April 26, 1972, appellant entered a plea of guilty in the Court of Common Pleas of Lehigh County to a charge of operating a motor vehicle while under suspension. A certified report of this conviction was sent to the Secretary of Transportation. Appellant was notified on July 14, 1972, that pursuant to section 618(a)(2) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §618, the secretary had imposed a one-year suspension effective on August 18, 1972. Thereafter, appellant, on August 7, 1972, appealed the order of the Secretary of Transportation to this court.[1] A de novo hearing was held on September 19, 1972.

The test in a de novo hearing before the Court of Common Pleas is not whether the secretary abused his discretion, but whether from the evidence before the court, the license of the appellant should be sus-

504

pended: Commonwealth v. McCartney, 2 Comm. Ct. 540, 279 A. 2d 77, 79.

Since appellant pleaded guilty to operating a motor vehicle while under suspension, there is no question that the secretary was required to pass upon the circumstances of his conviction. However, our concern is with the conclusion which the secretary reached on the basis of the circumstances here present. Although a de novo hearing usually requires us to make findings of fact, on this occasion we may be excused from doing so. In this case, the Commonwealth offered the certifications of conviction and suspension issued by the secretary and rested. The only testimony taken at the de novo hearing was on appellant's side of the case. With no issues of fact before us, we think the following summary of the undisputed evidence is sufficient:

On the day in question, April 4, 1971, appellant was staying at his mother-in-law's house. His wife was with his sister in a neighboring town. At the time, appellant's wife was pregnant with their first child. The child due March 25, 1971, was then 10 days late. At or about 2 o'clock on the afternoon of the 4th, Mrs. Klo experienced stomach pains which she concluded were the onset of labor. Deciding that the time had arrived to go to the hospital and having no available transportation, she called her husband and asked him to take her. Appellant, believing the situation to be an emergency and confronted with the fact that no else at his mother-in-law's was able to operate an automobile, took his father's truck and proceeded towards his sister's house. Defendant drove only a short distance when he was stopped by a police officer. Although no violation of The Vehicle Code was involved in the appellant's being stopped, he was, of course, charged

with operating a motor vehicle while under suspension when he was unable to produce a license.

The sole question posed by this appeal is whether appellant has shown an emergency situation which would be a defense against the suspension of his license. It is clear that we have a right to overlook unintentional violations accompanied by extenuating circumstances and facts, such as, an emergency. See Commonwealth v. McCartney, supra, and Commonwealth v. Emerick, 373 Pa. 388 at 397, 96 A. 2d 370, at 374, 375. Without challenging appellant's statement of the events, the Commonwealth argues that he was not faced with an emergency. The Commonwealth maintains that Mrs. Klo did not act in a hysterical or frightened manner and, therefore, appellant was not presented with a set of circumstances calling for immediate action.

We cannot agree. An emergency is a combination of circumstances that calls for immediate action: Oakley v. Allegheny Court, 128 Pa. Superior Ct. 8, 193 Atl. 316, 319. It need not involve hysterical and frightened behavior. See Munafo License, 24 D. & C. 2d 463. We believe the actions taken by appellant were justifiable. His wife's belief was the controlling factor. This was the couple's first child, and he was in no position to debate her assessment that the time of birth was at hand. We cannot help making the observation that the announcement of the impending birth of a couple's first child has often been portrayed, albeit often humorously, as the "classic emergency." Accepting the caricature of the panic-stricken expectant father as having some validity in true life, we find that appellant's reaction to the situation was the only one which could be expected of him.

The Commonwealth suggests that appellant had

the alternative of calling an ambulance rather than violating the law. Summarily put, the public interest is better served by excusing appellant's technical violation rather than advocating the over-commitment of vital community resources.

Under the circumstances of this case an additional suspension is not warranted, and we enter the following

### ORDER OF COURT

And now, January 2, 1973, the order of the Secretary of Transportation suspending the motor vehicle operator's license of David A. Klo for an additional period of one year is reversed and the appeal is sustained.

EDITOR'S NOTE: Although the criminal conviction occurred in Lehigh County, defendant is a resident of Northampton County. Under the applicable statute he is permitted to file his appeal from the order of suspension in his county of residence.