## Levy Motor Vehicle Operator License Case.

Argued March 6, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Elmer T. Bolla,* Deputy Attorney General, with him *Anne X. Alpern,* Attorney General, for Commonwealth, appellant.

*Eugene Roth,* with him *Harold Rosenn,* and *Rosenn, Jenkins & Greenwald,* for appellee.

OPINION BY WOODSIDE, J., March 22, 1961:

Iris Levy, a Pennsylvania resident licensed in this state to operate a motor vehicle, paid a fine for speeding in New Jersey. As a result, that state suspended her privilege to operate a motor vehicle in New Jersey for 30 days effective May 3, 1960.

Subsequently, the Pennsylvania Secretary of Revenue received notice of the conviction in New Jersey,

and after a hearing suspended Levy's license for 30 days from July 11, 1960. See §618(e) of The Vehicle Code of April 29, 1959, P. L. 58, 75 P.S. §618(e).

Upon appeal, the Luzerne County Court of Common Pleas reversed the Secretary of Revenue, and set aside the suspension. The Commonwealth appealed to this Court.

The court below thought that the suspension in New Jersey during one thirty day period, and the suspension in Pennsylvania during a different thirty day period constituted "two sentences for one offense," and that therefore the suspension in Pennsylvania was not lawful. Although several lower courts have arrived at similar conclusions, there is no merit in this position.

The suspension of an operator's license is not a "sentence," nor is it, in the strict use of the term, a penalty. "Penalty" has many different shades of meaning; it is among the most elastic terms known to the law. It is sometimes loosely used to include all actions involving hurtful or disadvantageous consequences, but in its more restricted use it refers only to a deprivation of property or some right. See Words and Phrases, "Penalty," Black's Law Dictionary, 4th Edition, and Webster's International Dictionary. A license to operate a motor vehicle on public highways is a privilege and not a property right. *Commonwealth v. Harrison,* 183 Pa. Superior Ct. 133, 143, 130 A. 2d 198 (1957). Revocation of an operator's license is not the imposition of a penalty, although the term is sometimes applied to a suspension of an operator's license because the effect of a suspension in this age of vehicular travel is undoubtedly a "hurtful or disadvantageous consequence." *Perkins v. Brown,* 53 F. Supp. 176, 180 (1943).

A hearing on the question of suspension of an operator's license is not a criminal procedure, but a civil procedure. *Commonwealth v. Halteman,* 192 Pa. Su-

perior Ct. 379, 162 A. 2d 251 (1960); *Commonwealth v. Funk,* 323 Pa. 390, 186 A. 65, 69, 70 (1936); *Commonwealth v. Wagner,* 364 Pa. 566, 73 A. 2d 676 (1950). The question is whether the operator may continue to exercise a privilege. Procedural burdens may be placed upon those seeking to exercise a privilege that may not be imposed upon those charged with crime, or even those defending property rights. *Witsch Motor Vehicle Operator License Case,* 194 Pa. Superior Ct. 384, 168 A. 2d 772 (1961).

Even assuming the appellee has suffered double "penalties" at the hands of the New Jersey and Pennsylvania authorities for a single violation, that does not make the order of the Secretary of Revenue illegal. Double penalties are not per se unconstitutional or even unusual. *Upsey v. Secretary of Revenue,* 193 Pa. Superior Ct. 466, 470, 165 A. 2d 267 (1960).

With the thought that the "double" withdrawal of the privilege to operate in New Jersey may have an element of unfairness in it, the Pennsylvania and New Jersey authorities have recently taken administrative action so that in situations similar to this one, the New Jersey's period of suspension will be effective at the same time as Pennsylvania's period of suspension.

The license is issued to appellee only in Pennsylvania, and only Pennsylvania can suspend or revoke it. New Jersey does not suspend the operator's license, but withdraws from the licensee the privilege of operating on its highways. Any action by another state concerning the privilege of operating a motor vehicle on its highways cannot take away the right of the Pennsylvania Secretary of Revenue to suspend or revoke a Pennsylvania operator's license. Where the same act gives rise to an offense against two sovereigns, each may punish. *Commonwealth v. Carter,* 187 Pa. Superior Ct. 159, 144 A. 2d 493 (1958).

The evidence establishes that the Secretary of Revenue received notice of a conviction of the appellee in another state of an offense therein which, if committed in this Commonwealth would be grounds for the suspension of her operator's license. At the hearings before the secretary and the court, the receipt of the notice was established, and the fact of the conviction was not questioned. Under these circumstances the Secretary of Revenue properly suspended the operator's license under the authority given him by §618(e) of The Vehicle Code, supra. Whether New Jersey or any other state withdrew the privilege of the appellee to operate a motor vehicle on its highways does not effect the authority of the Pennsylvania Secretary of Revenue to suspend appellee's license.

Order of the court below is reversed, and the order of the Secretary of Revenue suspending appellee's license is reinstated.