Pharo Motor Vehicle Operator License Case.

Argued March 22, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

2

*Elmer T. Bolla,* Deputy Attorney General, with him *Anne X. Alpern,* Attorney General, for Commonwealth, appellant.

*George C. Eppinger,* for appellee.

OPINION BY WOODSIDE, J., April 13, 1961:

On appeal from the suspension of Charles H. Pharo's motor vehicle operator's license by the Secretary of Revenue, the court below refused to admit into evidence the notice received by the secretary of a motor vehicle law violation in Illinois, because it believed the notice was not sufficiently authenticated.

At the time of the hearing, the court did not have available the recent decisions of this Court which would have indicated that the notice should have been admitted. *Witsch Motor Vehicle Operator License Case,* 194 Pa. Superior Ct. 384, 168 A. 2d 772 (1961); *Levy Motor Vehicle Operator License Case,* 194 Pa. Superior Ct. 390, 169 A. 2d 596 (1961). See also *Commonwealth v. Halteman,* 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960).

As the court refused to admit the notice when it was offered by the Commonwealth, there was no evi-

dence in the record of the notice of conviction. The notice which was offered is before us. We have examined it and find it to be sufficient. It should have been admitted.

However, the suspension cannot be sustained without returning the case to the court below for a rehearing. Without any evidence of the notice of conviction in the record, the licensee was not required to deny that he had been convicted in Illinois of an offense, which if committed in this Commonwealth would be grounds for the suspension of his operator's license. See §618(e) of The Vehicle Code of April 29, 1959, P. L. 58, 75 P.S. §618(e). The licensee must be given the opportunity to make such denial.

Order reversed and the case is remanded for a rehearing by the court below.