## Mayesky License

*Noonan & Pace*, for appellant.

*John J. Curran*, for Secretary of Revenue.

STAUDENMEIER, J., March 12, 1962.— . . . Richard Mayesky made an application for a learner's permit on May 27, 1960.

On the application he stated the date of his birth as being May 6, 1944, that he was 16 years old. His father, the appellant, on said application certified that he was the parent of Richard and that Richard was "less than eighteen (18) years of age and more than sixteen (16) years of age . . ."

Appellant admitted he signed and swore to same. There was also introduced in evidence a verification of birth certificate from the Department of Vital Statistics indicating that Richard was born on May 6, 1945.

The applicable provision of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §624(8), follows:

"(8) To use a false or fictitious name, or give a false or fictitious address, in any application or form required under the provisions of this act, or make a false statement, or conceal a material fact, or otherwise commit a fraud in any application."

Counsel for appellant objected to the admission into evidence of the two exhibits, inasmuch as the application for the learner's permit was that of the son Richard and not of the appellant, contending that before appellant could be held accountable it was necessary for the Commonwealth to prove that the appellant intended to make a false statement. Counsel in support of his contention cited Commonwealth v. Podkaliski, 71 D. & C. 24 (1950), wherein the applicant for a motor vehicle operator's license misstated the year of his birth by two years. The court held that the applicant could not be found guilty of a violation of section 624, subsec. 8 (the section in question here), if the mistake

was an honest one, made in reliance upon information furnished him by his parents.

It is readily apparent that the case is not controlling or decisive in the instant proceeding. Manifestly a child only has knowledge of the date of his or her birth by virtue of information gained from others, particularly his or her parents. A child believes he was born on a certain day by virtue of information gained from his parents or others, but as a matter of fact he does not know by virtue of his own knowledge that he was born on that day. To put it another way, a mother who gives birth to a child knows that she is the mother of the child, whereas a father does not know but believes he is father of the child.

Appellant is 54 years old, has been married 20 years, he has his own garage business, his garage is a licensed inspection station, does repair work, wreck jobs, has a wrecker, that is a truck that picks up vehicles that were in accidents, sells gasoline and related products; has been in business for 15 years. He admitted that the signature on the certificate was his and that he made the application before the notary public.

He testified he would be unable to conduct his business without a motor vehicle operator's license. Although we sympathize with him in the predicament he now finds himself, we are powerless to aid him.

The Superior Court has repeatedly held that economic hardship, standing alone, is insufficient to excuse the violation. See Magida Motor Vehicle Operator License Case, 194 Pa. Superior Ct. 398 (1961), and cases therein cited.

We find no reason to disturb the order of suspension.

*Order*

And now, March 12, 1962, the order of the Secretary of Revenue is affirmed.