## Rockman License

*Elmer J. Harris*, for appellant.

*James L. Brown*, for Secretary of Revenue.

SCHIFFMAN, J., December 5, 1962.—This matter comes before this court on appeal from a suspension of the appellant's motor vehicle operator's license by the

Secretary of Revenue of this Commonwealth as a result of his alleged conviction for speeding in the State of New Jersey.

The suspension involved was under the provisions of sections 1002b(6) and 618(e) of The Vehicle Code of April 29, 1959, P. L. 58, of the Commonwealth of Pennsylvania.

Section 1002b(6) provides inter alia that it is unlawful to drive in excess of the maximum limit in a 50 mile an hour speed limit zone. The applicable provisions of section 618(e) are as follows:

"(e) The secretary is hereby authorized after a hearing before the secretary or his representative, or upon failure of the said person to appear at such hearing, to suspend the operator's license or learner's permit of any person licensed in this Commonwealth, upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator; *but, if the operator's privileges of such person have been suspended in the other state, then such suspension shall be for the same period of time as that provided in the suspension by the other state, and no part of the suspension ordered by the secretary shall be served after the expiration of the suspension imposed by the other state*": Amended by the Act of April 28, 1961, P. L. 108, sec. 1. (Italics supplied.)

From the testimony adduced at the hearing de novo before this court, we make the following

### Findings of Fact

1. Appellant resides in the City of Wilkes-Barre, County of Luzerne and Commonwealth of Pennsylvania.

2. Appellant is a licensed motor vehicle operator in the Commonwealth of Pennsylvania.

3. On October 8, 1961, appellant was convicted in Egg Harbor Township, New Jersey, for driving 68 miles per hour in a 50 mile per hour maximum limit zone. The speeding detection was through the use of radar.

4. Appellant pleaded guilty to the aforementioned New Jersey speeding offense and paid fine and costs.

5. Appellant's driving privileges in New Jersey were suspended by the New Jersey Division of Motor Vehicles for a period of 30 days, bearing the date of January 15, 1962.

6. Because of the New Jersey speeding violation, the Department of Revenue of the Commonwealth of Pennsylvania suspended appellant's motor vehicle operating privileges for a period of two months. The effective date of the Pennsylvania suspension was October 1, 1962.

We are confronted by the question of whether or not the Commonwealth of Pennsylvania's suspension of appellant's vehicle operating privileges was proper insofar at it was for a different term and at a different time than that imposed by the State of New Jersey.

Prior to the amendment of section 618(e), supra, of The Vehicle Code, the secretary was permitted to suspend a Pennsylvania motorist's license for an offense in another State, whenever he received notice of the motorist's violation of a provision of The Vehicle Code which would be grounds for suspension if that offense had been committed in Pennsylvania. The then existing statutory provision was as follows:

"(e) The secretary is hereby authorized after a hearing before the secretary or his representative, or upon failure of the said person to appear at such hearing, to suspend the operator's license or learner's permit of any person licensed in this Commonwealth, upon receiving notice of the conviction of such person in another state of an offense therein which, if committed

in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator."

The Superior Court of this Commonwealth under the above entitled provision held that the actions of Pennsylvania in suspending a motor vehicle operator's license and of another State in withdrawing his privilege to operate in that State for periods of time which did not coincide, based upon the violation in the other State, do not constitute "double punishment": Magida Motor Vehicle Operator License Case, 194 Pa. Superior Ct. 398; Levy Motor Vehicle Operator License Case, 194 Pa. Superior Ct. 390.

The rationale of the Levy case, supra, indicated that double penalties are not per se unconstitutional or even unusual. It was therein stated that a license to operate a motor vehicle on public highways is a privilege and not a property right.

The Levy case, supra, further determined that any action by another State concerning the privilege of operating a motor vehicle on its highways cannot take away the right of the Pennsylvania Secretary of Revenue to suspend or revoke a Pennsylvania operator's license. Where the same act gives rise to an offense against two sovereigns, each may punish. See Commonwealth v. Carter, 187 Pa. Superior Ct. 159.

Under the then existing law, the courts correctly affirmed the secretary's authority to impose the double penalty. However, the legislature of this Commonwealth felt that a revision of the law was necessary so as to prevent the double penalty or suspension previously imposed. Consequently, section 618(e) was amended and added the following to the then existing language:

". . . but, if the operator's privileges of such person have been suspended in the other state, then such suspension shall be for the same period of time as that provided in the suspension by the other state, and no part of the suspension ordered by the secretary shall be

*served after the expiration of the suspension imposed by the other state.*" (Italics supplied.)

The above amended addition became effective September 1, 1961, and contained in section 3 of the amendatory Act of April 28, 1961, P. L. 108, the following language: "The provisions of this act shall apply only to violations on or after the effective date of this act."

The instant violation occurred in New Jersey on October 8, 1961, which is subsequent to the effective date of the amendment to section 618(e). The instant violation resulted in a New Jersey withdrawal of privilege to operate a motor vehicle on its highways for 30 days and the Pennsylvania license suspension for the same offense involves 60 days. The Pennsylvania license suspension effective date was October 1, 1962. This period does not coincide with January 15, 1962, or November or December 1961, both dates which appear in the testimony as the time of the New Jersey suspension of privileges. Obviously, there is no concurrence of the suspension periods imposed by the two States.

It is thus apparent that appellant's suspension in Pennsylvania was not the same period of time as provided in the New Jersey suspension. It is equally apparent that the suspension ordered by the Pennsylvania Secretary of Revenue is to be served after the expiration of the New Jersey suspension. It is evident that this action in Pennsylvania does not conform to the language of the aforementioned amendment to section 618(e) of The Vehicle Code.

It is conceivable that a constitutional question might arise if the factual situation herein were different. However, the question of the constitutionality of the amendment involved was not raised in the instant proceedings. Furthermore, it is pertinent to state that there is a presumption that the legislature did not intend to violate the constitution. Where possible the

courts will construe an act in the light of such presumption: DeWalt v. Bartley, 146 Pa. 529.

An act of the legislature should not be declared unconstitutional unless " 'it violates the constitution clearly, palpably, plainly; and in such manner as to leave no doubt or hesitation in our minds' ": L. J. W. Realty Corp. v. Philadelphia, 390 Pa. 197, 205.

We, therefore, believe the Secretary of Revenue's suspension in this case was not in accordance with proper legal requirement. We do not believe it necessary to discuss other objections raised by appellant in view of the reasons indicated and the legal conclusions based thereon.

### Conclusions of Law

1. The suspension imposed by the Secretary of Revenue of Pennsylvania is in violation of the provisions of 618(e) of The Vehicle Code as amended April 28, 1961, P. L. 108, sec. 1.

2. The suspension is illegal and is set aside.

3. The motor vehicle operating privileges of appellant in the Commonwealth of Pennsylvania are reinstated.

Accordingly, we enter the following

### Order

Now, December 5, 1962, the appeal of Bernard S. Rockman from the action of the Secretary of Revenue is sustained, and the Secretary of Revenue is directed to reinstate the operating privileges of appellant.