## Zabel License

*William J. Carlin, Jr.*, for appellant.

*William B. Eastburn, 3rd*, for Secretary of Revenue.

FULLAM, J., October 29, 1963.—On January 2, 1963, the Secretary of Revenue suspended the operating privileges of appellant, Arwin Zabel, for a period of three months, commencing January 8, 1963, for the stated reason "convicted of speeding in the State of Connecticut which would be a violation of section 1002(b) (6) of The Pennsylvania Motor Vehicle Code." This appeal followed.

The evidence produced at the hearing in this court makes it clear that the suspension order must be reversed for several reasons. In the first place, the Connecticut documentation does not amount to a notice of conviction, but is expressly stated to be, and quite clearly is, a notice that appellant's operating privileges were suspended in Connecticut. The certificate from the Connecticut Commissioner of Motor Vehicles certifies "that the annexed is a true, accurate, and complete copy of the original notice (order) of *suspension* on file in this Department . . ." (Italics supplied.)

Attached thereto is the suspension notice itself, imposing a 30-day suspension upon appellant for speeding, effective in May of 1961. The suspension notice is accompanied by an abstract of the court records of the Ninth Circuit Court, Clinton, Conn., which, while indicating that appellant was arrested on April 15, 1961, on a charge of speeding, and that his license was suspended on the basis of that charge, significantly omits

any reference to his having been convicted. The court abstract form contains blank spaces for the entry of "plea", "judgment", "jail term" and "fine"; all of these spaces remain blank. Elsewhere on the form, it appears that a bond in the sum of $30 was posted, and that, on some undisclosed date, presumably May 2, 1961, the bond was forfeited. But, in the absence of any indication that a fine was levied or paid, or that a judgment of conviction was entered, we do not believe the secretary was authorized to treat the notice as a notice of conviction: Mandle License, 25 D. & C. 2d 115 (1961).

It is true that, in Stout Motor Vehicle Operator License Case, 199 Pa. Superior Ct. 182 (1962), where it was held that an admission of payment of a fine and costs satisfies the suspension statute, there appears also the following dictum, at page 189) :

"It has been held in numerous states that a forfeiture of bail is equivalent to a conviction: Fox v. Scheidt (N. C.), 84 S. E. 2d 259; Lamb v. Butler (Va.), 95 S. E. 2d 239; Lamb v. Smith (Va.), 195 Va. 1053, 81 S. E. 2d 768; Application of Fink, 205 N. Y. S. 2d 256".

Of the four cases cited, however, only two Virginia decisions involved bail forfeitures. The North Carolina case involved a plea of "nolo contendere", and the New York case involved pleas of guilty; neither of these decisions mentions bail forfeiture. In each of the Virginia cases, (1) the court made an express finding that, at the time the bail deposit was posted, appellant realized and intended that it would be used to pay the fine and costs; and (2) the Virginia statute expressly provided that forfeiture of bail was equivalent to conviction, and the North Carolina statute, under which the bail was actually forfeited, contained a similar provision. See also, Nelson v. Lamb, 195 Va. 1043, 81 S. E. 2d 762.

Accordingly, we interpret the above-quoted statement in the Stout case as doing no more than recognizing that many States have, by statute, made bail forfeiture equivalent to conviction.

The provisions of our own Vehicle Code reveal a different approach. Whereas section 618(a) and 618(a)(4)(a.1) enumerate, as bases for suspension, the finding that ". . . such person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury . . .", and section 618(e) refers to "notice of the conviction of such person . . .", it is highly significant that section 618(b)(6) and corresponding section 619(6) both expressly provide for suspensions where ". . . such person . . . *has failed to appear for a hearing* before a court of competent jurisdiction of this Commonwealth *or of any state, upon being notified as provided by law*": (Italics supplied.)

These statutory provisions make it clear (1) that if forfeiture of bond for failure to appear at a hearing had been intended to be equivalent to a "conviction", there would have been no necessity for section 618(b)(6); and (2) that suspensions based upon failure to appear at an out-of-State hearing require proof that the operator has been "notified as provided by law".

At most, therefore, the Connecticut documents in the present case might lay the groundwork for a suspension under section 618(b)(6) for failure to appear at the hearing. But the secretary's order of suspension is not based upon that section, and, even if it were, the record negatives the required notice of the hearing.

A second reason for reversing the suspension order in the present case arises by virtue of the Act of April 28, 1961, P. L. 108, which, inter alia, amended section 618(e) of The Vehicle Code by providing that, if the operator's license has been suspended in the other State for the out-of-State violation, the secretary may not

impose a longer suspension in Pennsylvania, and no part of the Pennsylvania suspension can be effective after the expiration of the out-of-State suspension. Since the order appealed from in the present case provides for a suspension term which is three times as long as that imposed in Connecticut, and since the suspension in Pennsylvania did not become effective until some 18 months after the expiration of the Connecticut suspension, it is obvious that, if the 1961 amendment is applicable, the suspension must be reversed.

The 1961 amending statute became effective as of September 1, 1961: Rockman License, 30 D. & C. 2d 618 (1962). Section 1 of the 1961 statute amended section 618(e) of The Vehicle Code as set forth above. Section 2 of the statute authorized, for the first time, the use of radar in detecting speed violations. And section 3, which was originally also numbered section 2 in the statute as enacted, provides:

"The provisions of this act shall apply only to violations occurring on or after the effective date of this act".

If the 1961 amendment had provided that it was to be effective only as to "convictions" or "notices of conviction" occurring after the effective date of the amendment, it would be clear that appellant is not entitled to the benefit of the amendment. Conversely, if the 1961 amendment had provided that it was to be effective only as to "suspensions" imposed after its effective date, it would be equally clear that the appellant should receive the benefit of the amendment in the present litigation.

Suspensions under section 618(e) of The Vehicle Code are not based upon the existence of a "violation" in the other State, but, rather, upon the receipt by the secretary of notice of conviction in the other State; the issue is not whether the operator was guilty of a violation, but, rather, whether he was convicted: Petersen

Motor Vehicle Operator License Case, 197 Pa. Superior Ct. 584 (1962); Hall Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 346 (1961).

Reading the 1961 amendment in its entirety, we believe it was the intent of the legislature in including section 3 merely to make clear that there could be no radar convictions except as to violations occurring after the effective date of the amending statute. The obvious purpose of the amendment to section 618(e), contained in section 1 of the 1961 Act, was to eliminate the "double penalty" feature discussed in such cases as Levy Motor Vehicle Operator License Case, 194 Pa. Superior Ct. 390 (1961), and Magida Motor Vehicle Operator License Case, 194 Pa. Superior Ct. 398 (1961). While the legislature unquestionably had the power to defer this corrective action, no reason for such postponement is readily apparent; the Act of 1961 does not clearly so provide, and, if such had been the legislative intent, it could easily have been made clear. While perhaps not of great significance, it may be noted that the 1963 amendment to section 618, Act No. 194, approved July 30, 1963, which further restricts the power of the secretary to impose suspensions in out-of-State cases, is clearly applicable to all suspensions thereafter ordered, regardless of when the out-of-State conviction occurred.

For these reasons, we have concluded that the 1961 amendment to section 618(e) of The Vehicle Code is applicable to the present case, and that the order of suspension is illegal.

A third reason for reversing the order of suspension is that the Commonwealth's evidence with respect to the alleged conviction was successfully rebutted by appellant, who testified that, at the time of his arrest, he posted the required bond to guarantee his appearance at a hearing; that no hearing was held and that he has never been notified of the date, time or place of

any hearing. Appellant also testified, without objection, that he was not, in fact, guilty of the offense charged. While, of course, we are not presently concerned with his guilt or innocence, this evidence does lend some support to his contention that he did not knowingly and voluntarily forfeit his bond. The present case is ruled in principle by the decision of this court in Longstreet Automobile License Case, 12 Bucks 468 (1962).

In light of the foregoing discussion, we make the following

### Findings of Fact

1. The Secretary of Revenue did not receive a notice of appellant's conviction of an offense which, if committed in Pennsylvania, would justify suspension of his operator's license.

2. Appellant was not, in fact, convicted in Connecticut on the occasion which resulted in the present order of suspension.

3. Appellant's operating privileges were suspended in Connecticut for a period of 30 days commencing in May of 1961, and the present order of suspension, arising out of the same incident, was imposed as of January 8, 1963, for the term of three months.

### Order

And now, October 29, 1963, for the reasons set forth in the foregoing opinion, the order of the Secretary of Revenue suspending appellant's operating privileges for the term of three months, effective January 8, 1963, is hereby reversed.