## Wiest License

*Harry B. Goldberg,* of *Goldberg, Evans and Katzman,* for appellant.

*John P. Harrington,* for Secretary of Revenue.

MILLER, J., December 6, 1963.—This is an appeal from a motor vehicle license suspension order of the Secretary of Revenue, which we have heard de novo pursuant to section 620 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §620 . . .

This matter comes before us de novo, and it is our duty to determine, on the basis of the evidence presented, whether the Secretary of Revenue was justified in ordering a suspension of appellant's operating privileges for a period of three months as a result of this offense. We must exercise our discretion independently and "determine anew whether the operator's license should be suspended": Commonwealth v. Emerick, 373 Pa. 388 (1953). However, we are without authority to modify the secretary's order, and have only the alternatives of either affirming the suspension as ordered or setting it aside completely: Commonwealth v. Moogerman, 385 Pa. 256 (1956); Magida Motor Vehicle Operator License Case, 194 Pa. Superior Ct. 398 (1961).

In view of appellant's conviction by the Cumberland County Quarter Sessions Court, there can be no argument that he was exceeding the speed limit prescribed by The Vehicle Code at the time of his arrest on January 21, 1962. However, for a number of reasons, it is our opinion that a three months' suspension is not warranted by the circumstances surrounding this offense. Weather and traffic conditions were most favorable. No improper or reckless driving, other than a violation of the speed limit, was indicated. Appellant impressed the hearing judge as being a responsible person, and one who does not flagrantly disregard the laws. In view of the great distances which he drives

each year, we think it particularly significant that his driving record is free of any accidents. See Commonwealth v. Snavely, 76 Dauph. 344 (1961); Commonwealth v. Harnden, 24 D. & C. 2d 314, 76 Dauph. 347 (1961); Fry License, 3 D. & C. 2d 325 (1954).

There is the further consideration that this appellant's business depends upon his having an operator's license. According to his testimony, if he is suspended for a three-month period he will undoubtedly lose his tractor-trailer because of his inability to pay on the encumbrance, and he might also lose his residence because of mortgage foreclosure. There is the additional possibility that he and his family might be required to rely on public assistance benefits for their subsistence if he is deprived of the only employment which he knows for a period of three months. We are aware that economic hardship, standing alone, is insufficient reason to set aside a license suspension order, but it is, nevertheless, a factor which may be considered with all other factors in the exercise of our discretion: Emerick and Magida, supra; Commonwealth v. Sellers, 80 Dauph. 68 (1963).

Under all of these circumstances, it is our considered opinion that the secretary was not justified in ordering a suspension of this appellant's operating privileges for a period of three months, and we, therefore, enter the following

ORDER

And now, December 6, 1963, the appeal of Marlin Wiest from the motor vehicle suspension order of the Secretary of Revenue entered May 13, 1963, is hereby sustained, and the secretary is directed to reinstate appellant's motor vehicle operating privileges forthwith.

Judge R. Dixon Herman dissents, and would dismiss this appeal.