## Commonwealth, Appellant, *v.* Starcher.

412

Argued March 31, 1953. Before STERN, C. J.,
STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Randolph C. Ryder,* Deputy Attorney General, with
him *Robert B. Greer, Jr.,* and *Robert E. Woodside,* At-
torney General, for appellant.

No argument was made nor brief submitted for ap-
pellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April
22, 1953:

This is an appeal by the Commonwealth from an
order of the court of common pleas setting aside an
order of the Secretary of Revenue suspending defend-
ant's *reciprocal, nonresident's* operating privileges for
operating a motor vehicle.

The Vehicle Code, §603, 75 PS 163, provides that
a non-resident, duly licensed in his home state, may
operate in Pennsylvania without obtaining a Pennsyl-

vania license. And §615(d) of The Vehicle Code, 75 PS 192, provides that the Secretary of Revenue may suspend a non-resident's privilege to operate a motor vehicle in Pennsylvania *for any reason which would justify suspension of a resident's license.*

It therefore follows that what we said in *Commonwealth v. Emerick,* 373 Pa. 388, 96 A. 2d 370, relating to suspension of operator's licenses for operating motor vehicles has similar application. By necessary implication, a non-resident under the above language of the Code possesses the same right of appeal under §616 of The Vehicle Code, 75 PS 193, as a resident.

Billy Starcher, non-resident defendant, was charged by a state police officer on April 25, 1951, at 8:45 p.m., on a clear, dark night with driving a motor vehicle on a public highway at seventy miles an hour where the lawful speed limit was fifty miles an hour. Defendant does not deny the charge and offers no extenuating circumstances.

The learned court below revoked the Secretary of Revenue's order of suspension solely upon the ground of economic hardship. Such an order in the circumstances of this case constituted a manifest abuse of discretion.

The order is reversed at the cost of **appellee.**