## Fisher License

*Herbert S. Levin*, for appellant.

*David A. Kraftsow*, for appellee.

SPORKIN, J., May 18, 1962.—This matter is before us on a motion of the Commonwealth of Pennsylvania to quash an appeal to this court by defendant, Charles J. Fisher (herein called "Appellant"), from an order of the Secretary of Revenue suspending appellant's nonresident motor vehicle operating privileges for a period of six months.

From the record before us, and the stipulation of the parties, it appears that appellant resides in Mantua, New Jersey, and is employed as a truck driver; on February 1, 1962, appellant, while operating a truck east on Spring Garden Street, between Tenth and Eleventh Streets, in the City of Philadelphia, was arrested by a police officer; at a hearing before a magistrate on the same date, appellant was held in bail for the grand jury, charged with operating a motor vehicle while under the influence of intoxicating liquor;[1] on February 9, 1962, following a hearing before a representative of the Secretary of Revenue, at which appellant did not testify, the reciprocal motor vehicle operating privileges of appellant were suspended for a period of six months, effective as of February 20, 1962, on the ground that he operated a motor vehicle in Pennsylvania while under the influence of intoxicating liquor.

Section 618(d) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §618(d), provides: "The secretary is hereby authorized to suspend the privilege of any nonresident to operate a motor vehicle or tractor in this Commonwealth for any cause for which the license of a resident operator may be suspended or revoked . . ."

---

[1] This prosecution is presently pending.

Section 618(b) of The Vehicle Code, 75 PS §618(b), provides: "The secretary may suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence: (1) That such person has committed an offense for the conviction of which mandatory revocation of license is provided in this Act; . . ."

Section 616 of The Vehicle Code, 75 PS §616, provides for the revocation of operating privilege of a person who has pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury of any of the crimes enumerated in this section, and among the crimes enumerated in this section is that of "operating a motor vehicle or tractor while under the influence of intoxicating liquor . . ."

Appellant has filed his appeal pursuant to section 620 of The Vehicle Code, 75 PS §620, which provides that any person whose operator's license has been suspended, "shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the *court of common pleas of the county in which the operator or permittee resides* . . ." (Italics supplied.)

In its motion to quash this appeal, Commonwealth contends that a nonresident has no right of appeal under this section. With this, we do not agree. The Supreme Court in Commonwealth v. Starcher, 373 Pa. 411 (1953), held (page 413):

"By necessary implication, a non-resident under the . . . language of the Code possesses the same right of appeal . . . as a resident."

The Commonwealth also urges that even if appellant has the right of appeal, the appeal cannot be heard in this county, since appellant does not reside in Philadelphia County.

It is clear that The Vehicle Code does not designate the county in which the appeal of a nonresident shall be heard. Nor is the Administrative Agency Law of June 4, 1945, P. L. 1388, 71 PS §1710.1 et seq., applicable, first because that act applies only to appeals from adjudications of 47 specifically enumerated administrative agencies,[2] and provides that said appeals shall be heard in the Court of Common Pleas of Dauphin County. Second, section 46 of the said act, 71 PS §1710.46, makes it inapplicable to any adjudications which "under existing law . . . may be appealed to a court other than the Court of Common Pleas of Dauphin County." [3]

Since the legislature has failed to provide the forum available to nonresidents, and the right of a nonresident to take an appeal has been ruled by Commonwealth v. Starcher, supra, it is clear that this right of appeal[4] would be meaningless unless the court supplies the forum.

Furthermore, we cannot dismiss an action on the ground of improper venue "unless an alternative forum is available . . .": Plum v. Tampax, Inc., 399 Pa. 553, 561 (1960).

The maxim "equity will not suffer a wrong to be without a remedy" is clearly applicable. To grant a right of appeal and to fail to provide the forum, would, in effect, leave the appellant without a right, and might

---

[2] The Department of Revenue is not one of these agencies.

[3] It is to be noted that The Vehicle Code specifically provides for appeals from the revocation or suspension of operator's licenses to the *court of common pleas of the county in which the operator resides.*

[4] In Commonwealth v. Starcher, supra, it is to be noted that the appeal to the Supreme Court was taken from the order of the common pleas court of the county where the alleged offense was committed. However, the question of venue was not there raised (either in the court below or on appeal) and the precise question now before us was not ruled.

well be violative of the provisions of the fourteenth amendment of the Federal Constitution,[5] which prohibits any State from denying to any person within its jurisdiction the equal protection of the laws.

As stated in Williams v. Meredith, 326 Pa. 570, 574 (1937); ". . . venue . . . must be that permitted by the common law except as changed by statute."

Barring statutory requirements which provide for other venue, "the determination of venue—the place in which a particular action is to be brought and determined—is a matter for the convenience of the litigants": County Construction Company v. Livengood Construction Corporation, 393 Pa. 39, 45 (1958).

On appeal to the court of common pleas to review suspension of automobile operator's licenses, a court is required to hear de novo witnesses of the Commonwealth and the witnesses of the licensee, and from the testimony taken, determine anew whether the operator's license should be suspended: Commonwealth v. Wagner, 364 Pa. 566 (1950). The alleged offense by appellant having occurred in Philadelphia, the arresting police officers would be convenienced if they were called to give testimony in this county. The same convenience would be afforded to the police surgeon or any other witnesses who might be called to testify as to the alleged intoxication. Furthermore, the record discloses that appellant's employment as a truck driver calls for his frequent presence in Philadelphia County. Thus it would appear that the interests of both the Commonwealth and appellant would be best served by having the appeal heard in Philadelphia County.

---

[5] "A discrimination without any reasonable or adequate basis against particular persons in venue statutes, however, which is arbitrary and burdensome, violates the Fourteenth Amendment": 12 Am. Jur., Constitutional Law, §545.

In the light of the above, we have concluded that appellant's appeal to this court was proper under the facts of this case, and we accordingly dismiss the motion of the Commonwealth of Pennsylvania to quash the appeal.

