## Harshman License

*Donald Gayler*, for appellant.

*John P. Harrington*, for Secretary of Revenue.

SHELLEY, J., April 15, 1963.—The appellant is a resident of the State of Maryland and was duly licensed to operate motor vehicles by that State. On April 9, 1962, appellant pleaded guilty to operating a truck and semi-trailer in Antis Township, Blair County, Pennsylvania, at a speed of 50 miles per hour over a highway where the legal rate of speed for that type and class of vehicle was 40 miles per hour.

On October 4, 1962, appellant received a notice from the Bureau of Traffic Safety of the Department of Revenue of the suspension for one month of his "reciprocity privilege" under section 618(d) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §618, as amended. Appellant appealed to this court. The Secretary of Revenue thereupon moved to quash the appeal because appellant is not a resident of Dauphin County, as provided by section 620 of The Vehicle Code, supra. The matter was argued before our court en banc.

The appellant raises two questions: 1. May a non-resident appeal the suspension of his operating privileges to the Court of Common Pleas of Dauphin County, and 2. May the Secretary of Revenue suspend appellant's "reciprocity privilege" without a hearing?

Section 620 of The Vehicle Code, supra, provides:

"Any person, whose operator's license or learner's permit has been suspended, or who has been deprived of the privilege of applying for an operator's license or learner's permit under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides, other than Allegheny County, and in

Allegheny County, in the County Court of Allegheny County. Such courts are hereby vested with jurisdiction, and it shall be their duty, to set the matter down for hearing upon thirty (30) days' written notice to the secretary, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license or learner's permit, or whether he may be deprived of the privilege of applying for an operator's license or learner's permit by the secretary under the provisions of this act. The jurisdiction of the County Court of Allegheny County conferred hereby shall be exclusive within the territorial limits of its jurisdiction.

"Any party aggrieved by a decision of a court of common pleas or of the County Court of Allegheny County shall have a right of appeal to the Superior Court; provided, however, that nothing contained herein shall affect the disposition of any matter pending before the Supreme Court on or prior to May 29, 1956."

There is no provision in The Vehicle Code, supra, which provides for an appeal by nonresident operators of motor vehicles whose privilege to operate a motor vehicle in Pennsylvania has been suspended by the Secretary of Revenue. The appellant contends, however, that by implication this court has jurisdiction to hear such appeals.

In support of this contention the appellant relies on the case of Commonwealth v. Starcher, 373 Pa. 411 (1953). An examination of the paper book in the Starcher case reveals that Starcher, who had a Maryland operator's license, petitioned the Court of Common Pleas of Butler County for leave to appeal from the suspension of his reciprocity driving privileges in Pennsylvania. In the petition he alleged that he "is presently a resident of Butler County, Pennsylvania, residing at 313 West Pearl Street, Butler, Pennsyl-

vania" and that he "owns a farm in West Virginia on which he raises beef cattle, and twice a month it is necessary for him to make trips to his farm in West Virginia for the purpose of overseeing and conducting his business relative thereto." Starcher apparently considered himself a resident of Pennsylvania under the definition of a resident under The Vehicle Code of May 1, 1929, P. L. 905, article I, sec. 102, as amended,[1] which defined a resident of Pennsylvania as "Any person who has a regular place of abode or business in the Commonwealth for a period of more than 30 consecutive days in the year, except as otherwise provided in sections 410 and 603." [2]

The violation for which the operating privilege of Starcher was suspended did not occur in Butler County, but in Dauphin County. The lower court sustained the appeal and directed the reinstatement of Starcher's license solely on the ground of economic hardship. On appeal to the Supreme Court, the order of the lower court was reversed. The Supreme Court, however, on the question of the jurisdiction of the lower court to hear the appeal did say on page 413:

"By necessary implication, a non-resident . . . possesses the same right of appeal . . . as a resident."

It seems to us that the doctrine of appeal by implication enunciated in the Starcher case is overruled by Bell Appeal, 396 Pa. 592, 597 (1959), which holds that where appellate review of the action of a court of first instance or of an administrative tribunal is not provided for by statute or is expressly so denied, no right of appeal exists except through the exercise of King's Bench powers and those powers in Pennsylvania are vested exclusively in the Supreme Court.

---

[1] This was the act in effect on July 12, 1951, at the time Starcher's reciprocity privilege in Pennsylvania had been suspended.

[2] Neither section 409 nor 603 has any application in this matter.

There is a difference of opinion in the courts of common pleas of Pennsylvania as to jurisdiction to hear appeals involving the suspension of nonresidents' motor operating privileges in Pennsylvania. In Angelos License, 80 D. & C. 49 (1951), the Court of Common Pleas of Somerset County held that it had no jurisdiction over an appeal from the suspension by the Secretary of Revenue of nonresidents' operating privileges. The same court has subsequently reaffirmed its ruling in a number of unreported cases.[3]

In Fisher's License, 28 D. & C. 2d 493 (1962), the Court of Common Please No. 2 of Philadelphia County held, following the ruling in Commonwealth v. Starcher, supra, that by necessary implication, a nonresident, under the language of The Vehicle Code, possesses the same right of appeal as a resident. In the Fisher License case, on page 497, the court, in referring to the doctrine of forum non conveniens, said:

"The alleged offense by appellant having occurred in Philadelphia, the arresting police officers would be convenienced if they were called to give testimony in this county. The same convenience would be afforded to the police surgeon or any other witnesses who might be called to testify as to the alleged intoxication. Furthermore, the record discloses that appellant's employment as a truck driver calls for his frequent presence in Philadelphia County. Thus it would appear that the interests of both the Commonwealth and appellant would be best served by having the appeal heard in Philadelphia County."

The one common fact in all of the lower court cases referred to above and which fact does not appear in

---

[3] See the following cases entered in the Court of Common Pleas of Somerset County, Pennsylvania: Commonwealth v. Creed, No. 75 Miscellaneous Docket, 1960; Commonwealth v. Jenkins, No. 21 Miscellaneous Docket, 1962; Commonwealth v. Thomas, No. 51 Miscellaneous Docket, 1962.

the instant case is that the offenses for which the Secretary of Revenue suspended the operating privileges of the appellants were committed in the counties where the appeals from the suspensions had been taken.

The appellant contends that if his appeal is quashed it would, in effect, be depriving him of the provisions of section 1 of the Fourteenth amendment to the Federal Constitution, the applicable part of which provides:

". . . nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of its laws."

With the appellant's contention we cannot agree. The proceedings to suspend operators' licenses are civil, not criminal. A license to operate a motor vehicle is not a contract or a right of property. It is a limited right to use a public highway. It is for the Commonwealth, acting through the legislature, to direct the conditions under which this right shall be exercised: Commonwealth v. Halteman, 192 Pa. Superior Ct. 379 (1960).

The due process clause does not guarantee to the citizens of a State any particular form or method of State procedure. Nor does the equal protection clause exact uniformity of procedure. The legislature may classify litigation and adopt one type of procedure for one class and a different type for another: Dohany v. Rogers, 281 U. S. 362 (1930).

In the instant case, while the legislature neglected to provide a forum for appeals by nonresidents of Pennsylvania from the action of the Secretary in suspending the privileges of operating motor vehicles in Pennsylvania, our Supreme Court has provided for that omission.[4] It said in Keystone Raceway Corporation v. State

---

[4] A bill has been introduced in the 1963 Session of the General Assembly of Pennsylvania which is intended to amend section 620 and subsection (b) of section 1401, Act of April 29, 1959, P. L. 58 (The Vehicle Code) by adding thereto the following language:

Harness Racing Commission, 405 Pa. 1 (1961), on page 6, that:

"Where, however as here, a statute is silent as to the right of appeal, or does not provide that the decision of the Agency shall be final or conclusive, or otherwise non-appealable, an appeal — if certiorari lies and if the appellant has a status to appeal thereunder—is allowed in the nature of a broad certiorari, in which event we review the testimony and the evidence and the entire record: (citing cases).

"Moreover, for an appeal by certiorari to lie the order or action of the agency, board or commission must be judicial in nature and final; (citing cases)."

For the reasons herein before set forth, the appeal of the nonresident appellant from the suspension of his privilege to operate motor vehicles in Pennsylvania, must be quashed. Since we are quashing the appeal, it is not necessary that we decide the second question raised by the appellant, i.e.—May the Secretary of Revenue suspend appellant's reciprocity privilege without a hearing?

We therefore make the following

*Order*

And now, April 15, 1963, the appeal of the appellant is quashed. Costs to be paid by appellant.

---

"Any nonresident whose privilege to operate a motor vehicle in the Commonwealth of Pennsylvania is suspended under the provisions of this act shall have the right to file a petition within thirty (30) days thereafter for a hearing in the matter in the court of common pleas of the county in which the offense giving rise to the suspension occurred other than Allegheny County and in Allegheny County in the County Court of Allegheny County . . .": Senate Bill No. 19.