Commonwealth, Appellant, *v.* McCullough.

Argued March 31, 1953. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Randolph C. Ryder,* Deputy Attorney General, with him *Robert B. Greer, Jr.,* and *Robert E. Woodside,* Attorney General, for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 22, 1953:

This is an appeal by the Commonwealth from an order of the court of common pleas setting aside a suspension by the Secretary of Revenue of an operator's license for operating a motor vehicle. The offense charged was speed on a public highway at eighty miles per hour where the maximum lawful speed was fifty miles per hour.

What we said in *Commonwealth v. Emerick,* 373 Pa. 388, 96 A. 2d 370, relating to legal principles and the construction of The Vehicle Code has similar application to the facts in the present case.

Robert McCullough, defendant, was charged by a state policeman with traveling, on April 18, 1952, on a public highway at eighty miles per hour at 11:50 p.m. It was testified that defendant drove through a thirty-five-mile-an-hour restricted speed zone at fifty to fifty-five miles per hour. He was followed by the policeman for four or five miles, during which period defendant was "clocked" speeding at eighty miles per hour. Defendant did not deny the charge, although he "thought" that he had not exceeded the speed limit in the restricted zone. This was defendant's second speeding offense. The learned hearing judge decided, solely because of economic hardship, that the suspen-

sion of the operator's license by the Secretary of Revenue should be revoked and the license restored. In the order the court said: ". . . it appearing to the Court that the [defendant] is employed by the Baltimore & Ohio Railroad as a telegraph operator in their Pittsburgh office, that there is no public transportation facilities available to take him to and from his home and place of employment, that no other members of the petitioner's family can drive for him, that there is no one in his community with whom he might ride, that it would be impossible for him to take care of his work during the time when his license would be suspended and that he has no other source of income or means of earning his livelihood and that the suspension of his operator's privileges would result in irreparable loss to him, the Order of the Secretary of Revenue suspending the operator's privileges of the petitioner is hereby set aside and the operator's privileges restored to Robert McCullough."

Such order constitutes a manifest abuse of discretion by the court below.

The order is reversed at the cost of appellee.