## Commonwealth, Appellant, *v.* Emerick.

390

Argued March 31, 1953. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Randolph C. Ryder*, Deputy Attorney General, with him *Robert B. Greer, Jr.*, and *Robert E. Woodside*, Attorney General, for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 22, 1953:

This appeal and nine others, argued at the same time, necessitate a re-examination of the functions of the Secretary of Revenue, the Courts of Common Pleas, and the Supreme Court of the Commonwealth of Pennsylvania under The Vehicle Code, 1929, May 1, P. L. 905, as amended, 75 P.S. 1 et seq., relating to suspensions of motor license operation privilege.

Under the Statutory Construction Act, 1937, May 28, P. L. 1019, Art. IV, §51, 46 P.S. 551, the object of judicial interpretation and construction of a statute is to ascertain and effectuate the intention of the Legislature. Such intention, when the words are not explicit, the court may ascertain, inter alia, from (a) the occasion and necessity for the law; (b) the mis-

chief to be remedied; and (c) the object to be attained: *Salvation Army Case*, 349 Pa. 105, 108, 36 A. 2d 479; *McClelland v. Pittsburgh*, 358 Pa. 448, 459, 57 A. 2d 846.

Authority need not be cited to establish that upon the advent and tremendous development of automotive transportation there has been an extraordinary impact upon and change in the mode of life and habits of mankind. Automobiles on land, airplanes in the air, and ships on and under the sea have effected an incredible widening of the perimeter of human activities. Time and space have been contracted in unbelievable measure. In the present appeals we are only concerned with vehicular operation upon land. Auxiliary to automobile movements, to facilitate such travel in safety and speed, the Commonwealth has expended enormous sums of money in the construction and maintenance of modern highways. It has authorized a quasi-public authority to construct, operate, and maintain at least one toll road of over three hundred miles in length extending entirely across the Commonwealth. This highway was designed for high speed and reasonably safe automobile travel. In increasing numbers highways have interlaced the entire country from coast to coast and from border to border. This has contributed to an enormous increase in automobile travel in the United States. Automobiles and trucks are self-propelled vehicles of great weight and are frequently capable of speed equal to, if not exceeding, that of a locomotive running on rails erected on rights of way and guided and partially controlled by electric signal devices and automatic safety controls. The Commonwealth has consequently been required to enact and enforce comprehensive traffic rules and regulations, culminating in the amended Vehicle Code, supra. It has a vital interest concerning possible loss of life and injury of

automobile operators and their passengers and also in the safety of other occupants of automobiles, pedestrians, property, and of the public generally. Highways must be made and kept as safe as possible for use by the public. The tremendous traffic, together with the facilities for high speed over improved roads, creates a real hazard and a necessity for comprehensive, detailed regulatory and supervisory measures which have been enacted by the Legislature in The Vehicle Code and its amendments. The issuance and use of vehicle title certificates; motor registration; license plates, operating licenses [with revocation and suspension] and the numerous other provisions in the code are consequently matters of vital necessity in motor operation, control, and supervision.

The power conferred by The Vehicle Code upon the Secretary of Revenue is an *administrative* and not a judicial function. This Court in *Commonwealth v. Funk,* 323 Pa. 390, 186 A. 65, speaking through Justice BARNES, said, p. 398: "The power conferred upon the Secretary of Revenue to revoke or suspend operating privileges is an administrative and not a judicial function. Accordingly, the delegation of such power to him by The Vehicle Code is not prohibited by article V, section 1, of the Constitution of this State. This question of the delegation of power to an administrative officer was definitely settled by the decision of this Court in Gima v. Hudson Coal Co., 310 Pa. 480. We decided there that while the legislature cannot delegate its power to enact a law, it may make a law which delegates the power to determine some fact or state of things upon which the law makes its own action depend. See also Locke's App., 72 Pa. 491. Thus the legislature has created, inter alia, the Public Service Commission, the Workmen's Compensation Board, the Board of Moving Picture Censors, and the Liquor Con-

trol Board. Similarly, under the federal Constitution administrative boards, such as the Interstate Commerce Commission, have been created. These agencies perform an administrative rather than a legislative or judicial function, their determinations by express statutory provisions being subject to review by the courts. Uniformly the federal Supreme Court has upheld the power of the state to confer discretionary powers upon such administrative officers or boards: Davis v. Mass., 167 U. S. 43; Wilson v. Eureka City, 173 U. S. 32; Gundling v. Chicago, 177 U. S. 183; People ex rel. Lieberman v. Van deCarr, 199 U. S. 552."

In these appeals we are concerned with Art. VI, §615 of the Code, 75 PS 192, titled *Suspension of Licenses or Operating Privileges*. The Code provides, inter alia: "(b) The secretary *may* suspend the operator's license . . . after a hearing before the secretary or his representative, whenever the Secretary finds upon sufficient evidence: . . .

"2. That such person [licensee] has committed any violation of the motor vehicle or tractor laws of this Commonwealth." (Emphasis supplied)

Section 616 of the Code, as amended, (75 PS 193) gives the right of appeal from the Secretary's suspension of the operator's license to the Court of Common Pleas. It reads: "Any person, whose operator's license or learner's permit has been suspended . . . under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides . . . . Such courts are hereby vested with jurisdiction, and it shall be their duty, to set the matter down for hearing upon thirty (30) days' written notice to the secretary, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's

license or learner's permit . . . under the provisions of this act."

The Commonwealth again contends, as it unsuccessfully has previously done, that this statutory provision restricts the power of the Court of Common Pleas to the narrow inquiry whether or not the licensee violated the Code, and if so, the suspension of the Secretary must be sustained. But on numerous occasions this Court has denied such contention. We have repeatedly decided that on appeal the hearing is *de novo*. In *Commonwealth v. Wagner,* 364 Pa. 566, 73 A. 2d 676, Mr. Justice JONES encompassed the problem when he said, p. 568: "It is the Commonwealth's contention that, on the appeal from the suspension of the petitioner's license, the power of the court of common pleas was restricted, by the very words of the Code (Sec. 616), '. . . to determin[ing] whether the petitioner is subject to suspension of operator's license . . . by the secretary under the provisions of this act', and that, the court below having found that the petitioner had violated the Code in the manner alleged, there was nothing left for the hearing court to do but to sustain the Secretary's suspension of the petitioner's license. Unfortunately for that contention, it was ruled by this court a number of years ago that the original requirement of Sec. 616 of The Vehicle Code of 1929 that the hearing court '. . . determine whether the petitioner *is subject to suspension of operator's license* . . . under the provisions of this act [emphasis supplied]' meant that '. . . the court [was] to hear de novo the witnesses of the Commonwealth and the witnesses of the licensee, and, from the testimony taken, . . . determine *anew whether the operator's license should be suspended'* (Emphasis supplied): Commonwealth v. Funk, 323 Pa. 390, 399, 186 A. 65 (1936). Thus, the merit of the suspension was early recognized by this court as being a matter for the hearing court's independent

determination. And, that ruling, we have ever since uniformly followed and applied."

Mr. Justice JONES further notes that following our statutory construction, the Legislature made amendments to the Code, but left this section unchanged, thereby evincing an acquiescence in such construction: Sec. 52 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS 552. See also *Salvation Army Case,* 349 Pa. 105, 110, 36 A. 2d 479; *Mills Estate,* 367 Pa. 504, 508, 80 A. 2d 809; *Bogdan v. School District of Coal Township,* 369 Pa. 147, 152, 85 A. 2d 139. In *Commonwealth v. Wagner, supra,* in a footnote at page 569, numerous cases are cited which are in support of our decision in that case. It is therefore no longer open to question that in appeals from the suspension of a motor vehicle operator's license, the hearing in the court of common pleas is *de novo.*

In such *de novo* hearing neither the action of the Secretary nor the testimony taken before him, or his representative, is properly a part of the record in the court of common pleas: In *Commonwealth v. Cronin,* 336 Pa. 469, 9 A. 2d 408, speaking through Justice BARNES, we said, p. 473: ". . . with respect to the proceedings in the court of common pleas, we said [in Commonwealth v. Funk, supra]: '. . . it is the duty of the court *to hear de novo* the witnesses of the Commonwealth and the witnesses of the licensee, and, from the testimony taken, to determine anew whether the operator's license should be suspended.' At such hearing neither the action of the Secretary nor the testimony taken before his representative is properly part of the record of the case."

Following such hearing *de novo* the hearing judge is required to make his independent finding of fact and exercise his discretion whether or not a suspension should be decreed. The wisdom of this procedure is questioned by the Commonwealth. It is argued that

since the licensee appeared *before the Secretary* and was given full opportunity to cross-examine his accusers and to present his defense the Secretary's discretion should be final except for fraud, accident, or mistake and that no appeal *on the merits* should be allowed. But, as above stated, under The Vehicle Code the Legislature has merely created an administrative agency, albeit the exercise of its administrative function is in some instances necessarily judicial in nature: cf. *Cowperthwait v. Lamb,* 373 Pa. 204, 95 A. 2d 510. Such situation is well pointed up by Chief Justice VANDERBILT of the New Jersey Supreme Court in his published lectures upon "The Doctrine of the Separation of Powers and Its Present-Day Significance." So frequently we observe legislation enacted which is in derogation of the powers of the judiciary. This our own Pennsylvania Legislature purposely refrained from doing. As Justice LINN said in *Commonwealth v. Irwin,* 345 Pa. 504, 29 A. 2d 68, (p. 507) : "A qualified person may not be deprived of the privilege of obtaining a license by arbitrary action of the officers entrusted with the administration of the code." But on a hearing *de novo,* on appeal, the court of common pleas, while entitled to act independently in the exercise of its discretion, must, nevertheless, act in accordance with the evidence and circumstances presented. The court should also always keep in mind the important and heavy responsibilities imposed by the Legislature upon the Secretary of Revenue in enforcing the Vehicle Code, which was enacted for the benefit, care, and protection of *all* the people. While, as above indicated, the court below is not bound by the Secretary's exercise of discretion or the evidence taken before *him,* nevertheless the exercise of his discretion, if made in accordance with the provisions and spirit of the statute, is entitled to consideration. This Court said in *Leahey v. Farrell,* 362 Pa. 52, 66 A. 2d 577, p. 57 : "Under the system

of division of governmental powers it frequently happens that the functions of one branch may overlap another. But the successful and efficient administration of government *assumes* that each branch will cooperate with the others."

The scope of the function by the Court of Common Pleas on appeal from suspension of license by the Secretary of Revenue is defined in *Hardwick Automobile License Case,* 348 Pa. 266, 35 A. 2d 291, in which Justice PATTERSON said, p. 267: " 'The obvious intent of the legislature was to vest in the several courts of common pleas broad discretionary power . . . In the exercise of the broad power thus conferred by the legislature, the courts are to administer justice according to the evidence and circumstances presented, and the action of a lower court will not be disturbed except for manifest abuse of discretion.' "

In *Kaufman Construction Company v. Holcomb,* 357 Pa. 514, 55 A. 2d 534, this Court again affirmed this principle and Mr. Chief Justice (then Justice) HORACE STERN, at pages 518, 519, cited numerous cases indicating the distinction between broad and narrow certiorari.

Where the testimony of the Commonwealth is *disputed* and there is credible conflicting testimony, the hearing judge must make findings of fact, and exercise his discretion concerning suspensions. If the testimony supports such findings, his discretion will not be disturbed. And if the testimony so taken *de novo* is *undisputed,* but there are submitted to him extenuating facts and circumstances, such as, inter alia, inadvertence, emergency, unintentional or accidental violations, including, among other reasons, economic hardship, if adequately supported by the testimony, the exercise of the hearing judge's discretion will not be disturbed.

Upon a final order or decree by the Court of Common Pleas an appeal may then be taken to the Supreme Court because the Commonwealth is a party.

A question then presents itself as to the scope of review by this Court. The statute is silent on the subject. But in *Commonwealth v. Cronin*, 336 Pa. 469, (supra), we said, p. 474: ". . . while an appeal to the common pleas court is expressly authorized by Section 616 of The Vehicle Code, the statute is silent with respect to the right of the licensee to appeal from the order there made. However, it is well settled that where the right of appeal is not provided by statute, but is not prohibited, it is our duty to examine the testimony to determine whether the findings of the court below are supported by competent evidence, and to correct any conclusions of law erroneously made: *Weinbach's Appeal*, 316 Pa. 333; *Rimer's Contested Election*, 316 Pa. 342; *Fleming v. Prospect Park Board*, 318 Pa. 582; *Elkland Leather Workers' Ass'n. Inc.,* 330 Pa. 78." As to the broader scope of appeals in the nature of certiorari, and in support of this principle, see 9 Standard Pennsylvania Practice, Sec. 343, p. 256 et seq. and the cases therein cited. Such principle is succinctly stated by Justice PATTERSON in *Handwerk Automobile License Case*, 348 Pa. 263, 35 A. 2d 289, where, quoting from *Commonwealth v. Cronin, supra,* he said (p. 265) : " '. . . it is well settled that where the right of appeal [to this Court] is not provided by statute, but is not prohibited, it is our duty to examine the testimony to determine whether the findings of the court below are supported by competent evidence, and to correct any conclusions of law erroneously made.' "

In *Commonwealth v. Garman*, 361 Pa. 643, 66 A. 2d 271, Chief Justice (then Justice) HORACE STERN said, p. 645: "It has been established by repeated judi-

cial decisions that the court must hear the case de novo; that on appeal, it is the duty of the appellate court to examine the testimony to determine whether the findings of the court below are supported by competent evidence and to correct any conclusions of law erroneously made; and that the action of the lower court will not be disturbed on appeal except for *manifest abuse of discretion.*" (Italics supplied) See also the numerous cases therein cited.

We have carefully reviewed the present record. The testimony is undisputed. Marl R. Emerick, Jr., is the licensee. A state policeman testified that the licensee, at a high rate of speed, drove through an intersection without stopping, ignoring a stop sign erected at the junction. The officer followed in his police car intending to charge a "stop sign violation." The licensee speeded up. He was "clocked" at eighty miles an hour. Upon being overtaken the licensee was charged with a speed violation: Vehicle Code, supra, Sec. 1002, 75 PS 501. Licensee testified that he had no excuse. The only testimony given in extenuation was his statement that if his license was suspended, he would experience difficulty in reaching his place of employment; that he had driven for six years and that this was the first charge of motor vehicle code violation; and that he was a married man with two children.

The learned court below set aside the suspension of the operator's license and restored same *solely* upon the ground of economic hardship. The court said in its order: "[It] would work an undue hardship upon the defendant and his family, in that he is a steel worker with no other practical means of obtaining transportation to his employment and that in his spare time and in that in his off hours he aids his father-in-law in his delivery service, the appeal of the defendant is allowed and the suspension of his operator's license is set aside and the same restored to him."

This constitutes a manifest abuse of discretion by the hearing judge. Every time a person is convicted of a crime and is sentenced to prison, he and his family doubtless suffer an economic loss. But this constitutes no excuse for defendant's wrongdoing. The defendant manifestly was speeding in an endeavor to elude arrest and thus jeopardized his own life and limb and those of other users of the highway. Economic hardship standing alone is insufficient to excuse such a violation.

The order is reversed at cost of appellee.