Commonwealth, Appellant, *v.* Gaiser.

414

Argued March 31, 1953. Before Stern, C. J., Stearne, Jones, Chidsey, Musmanno and Arnold, JJ.

*Randolph C. Ryder,* Deputy Attorney General, with him *Robert B. Greer, Jr.,* and *Robert E. Woodside,* Attorney General, for appellant.

No argument was made nor brief submitted for appellee.

Opinion by Mr. Justice Allen M. Stearne, April 22, 1953:

This is an appeal by the Commonwealth from an order of the court of common pleas setting aside a suspension by the Secretary of Revenue of an operator's license for operating a motor vehicle. The offense charged was speed on a public highway at sixty-five miles per hour where the maximum lawful speed limit was fifty miles per hour.

What we said in *Commonwealth v. Emerick*, 373 Pa. 388, 96 A. 2d 370, relating to the construction and legal principle of The Vehicle Code, has similar application to the facts in the present case.

Frederick C. Gaiser, Jr., defendant, was charged by a state policeman with traveling on a public highway on February 19, 1952, at 7:30 p.m., at sixty-five miles per hour when the lawful maximum speed is fifty miles per hour. He was then single but is now married. He is employed as assistant manager of a gasoline station on the Pennsylvania Turnpike. Defendant admits the charge. He makes no excuse and testifies to no mitigating circumstances. He has been involved in one accident and was arrested once for speeding. Defendant claims that if his license is suspended it will be difficult to reach his place of employment.

The learned court below revoked the Secretary of Revenue's order of suspension solely upon the ground of economic hardship. In the order the court said: ". . . it appearing to the Court that the petitioner's violation did not endanger the life or property of any person, and was the first speeding violation charged against the petitioner; and it further appearing to the Court that the petitioner is the Assistant Manager of a service station on the Pennsylvania Turnpike and must travel approximately 48 miles per day to and from his work, and that said employment is the sole source of income for the petitioner, his wife and child, and that to deprive him of his license would result in a great and undue hardship . . . the Order of the Secretary of Revenue suspending the license of Frederick C. Gaiser, Jr. is hereby set aside . . .".

Such an order in the circumstances of this case constitutes a manifest abuse of discretion.

The order is reversed at the cost of the appellee.