Commonwealth, Appellant, *v.* Matil.

Argued March 31, 1953. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Randolph C. Ryder,* Deputy Attorney General, with him *Robert B. Greer, Jr.,* and *Robert E. Woodside,* Attorney General, for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 22, 1953:

This is an appeal by the Commonwealth from an order of the court of common pleas setting aside a suspension by the Secretary of Revenue of an operator's license for operating a motor vehicle. The offense charged was speed on a public highway at seventy miles per hour.

What we said in *Commonwealth v. Emerick,* 373 Pa. 388, 96 A. 2d 370, relating to the legal principles and the construction of The Vehicle Code, has similar application to the facts in the present case.

Mike Matil, twenty years of age, unmarried, a truck driver, without dependents, on June 14, 1952, drove his passenger car at seventy miles per hour on the public highway where traffic was "moderate" at 7:30 p.m. on a dry, clear night. He has operated an automobile for three years; has been arrested before for fast driving; and has had one accident. He testified that his driving record is "fair." The learned court below revoked the suspension and restored the license solely because of economic hardship. The court said in its order: ". . . it having been shown that the operator's license of the petitioner is necessary to enable him to get to and from his place of employment at the plant of the National Tube Company in Ellwood City, Pennsylvania; further that his license is necessary in connection with his employment by the Steen Machine & Supply Company, Connoquenessing, Pennsylvania; that the testimony of the arresting officer being to the effect that the only offense committed was that of traveling in excess of the established speed limit and that no other provisions of the motor code were violated to the best of the officer's knowledge; that the arrest occurred on a three-lane concrete surfaced highway where traffic and weather conditions were such as to not aggravate the offense; and the Court being satisfied that the deprivation of the petitioner's operating privileges for three months would work an undue hardship upon him, the Order of the Secretary of Revenue suspending the petitioner's license is hereby set aside and the operating privileges of Mike Matil are hereby restored."

Such order constitutes an obvious abuse of discretion.

The order is reversed at the cost of the appellee.