## Commonwealth, Appellant, v. Roher.

Argued March 31, 1953. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Randolph C. Ryder,* Deputy Attorney General, with him *Robert B. Greer, Jr.,* and *Robert E. Woodside,* Attorney General, for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 22, 1953:

This is an appeal by the Commonwealth from an order of the court of common pleas setting aside a suspension by the Secretary of Revenue of an operator's license for operating a motor vehicle. The offense charged was speed on a public highway at seventy miles per hour where the maximum lawful speed limit was fifty miles per hour.

What we said in *Commonwealth v. Emerick,* 373 Pa. 388, 96 A. 2d 370, relating to legal principles and the construction of The Vehicle Code, has similar application to the facts in the present case.

George W. Roher, defendant, was charged by a state policeman with traveling on a state highway on May 25, 1951, at 12:30 p.m., at seventy miles per hour. Defendant's car was stopped at a red light, with the state police car and two others in line behind him. Some one called from defendant's car, "Do you want to race"? Upon the change of light defendant raced along the highway, ignoring and passing through a thirty-five-mile-an-hour speed sign, and was "clocked" at 70 miles per hour. Defendant was twenty-six years of age, married, with two children, and had been licensed for nearly 11 years. The reason he assigns for the violation was "to get to work." He testified that he had never been

arrested before. He said he was not watching the speedometer but did pass "a lot of cars."

The learned court below revoked the Secretary of Revenue's order of suspension solely upon the ground of economic hardship. In the order the court said: ". . . it appears that the petitioner has been a licensed operator for better than ten years, and that the present speeding charge is the sole violation on his driving record.

"The testimony further discloses that there was no accident at the time of the speeding charge.

"It further appears from the testimony that the petitioner is a married man with children and is the operator of a sawmill, and that he would be unable to operate his business without a driver's license."

Such an order, in the circumstances of this case, constitutes a manifest abuse of discretion.

The order is reversed at the cost of the appellee.