## Commonwealth, Appellant, v. Greer.

Argued March 31, 1953. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Randolph C. Ryder,* Deputy Attorney General, with him *Robert B. Greer, Jr.,* and *Robert E. Woodside,* Attorney General, for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 22, 1953:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas setting aside a suspension by the Secretary of Revenue of an operator's license for operating a motor vehicle. The offense charged was speed on a public highway at eighty miles per hour where the maximum lawful speed was fifty miles per hour.

What we said in *Commonwealth v. Emerick,* 373 Pa. 388, 96 A. 2d 370, relating to legal principles and the construction of The Vehicle Code has similar application to the facts in the present case.

Paul M. Greer, defendant, was charged by a state police officer with travelling on a public highway on May 3, 1952, at 7:30 p.m. on a dry, clear night at eighty miles per hour where the lawful maximum speed was fifty miles per hour. The charge is not denied. His only excuse was, "I was going to Ohio and was a little late and making up a little time." Defendant had been driving for fifteen years, was never before arrested for speeding, was thirty-two years of age, worked in shifts in a machine shop and used his car for transportation both for pleasure and business.

The learned court below revoked the Secretary of Revenue's order of suspension solely on the ground of

economic hardship. In the order the court said, ". . . the operator's license . . . is necessary and that the loss thereof would work an undue hardship on [defendant]." Such an order in the circumstances of this case constitutes a manifest abuse of discretion.

The order is reversed at the cost of appellee.