## Commonwealth v. Baker

*Charles W. Eaby, Jr.,* for appellant.

SCHAEFFER, P. J. and WISSLER, J., May 25, 1953.—
This is an appeal of Paul W. Baker from an order of
the Secretary of Revenue of Pennsylvania suspending
as of April 9, 1953, the license of defendant to operate
a motor vehicle for a period of 90 days. The suspension
was based on a charge of reckless driving by defendant.
At the hearing de novo in court it was shown that de-
fendant did not make the turn at the intersection in
the lane of traffic nearest to his right-hand side of the
highway. It occurred at an intersection of two streets
in the extreme western section of Elizabethtown Bor-
ough, Lancaster County, Pa. There is no evidence of
unlawful speed and there was no actual hazard to other
automobiles parked or in motion, or to any pedestrian.

Defendant was arrested and paid the fine and costs
amounting to $13.50.

In the recent case of Commonwealth v. Emerick, 373
Pa. 388 (1953), it was decided that economic hardship
by itself is not sufficient to set aside the suspension of
an operator's license. However, if there are "extenuat-
ing facts and circumstances, such as, inter alia, inad-
vertence, emergency, unintentional or accidental vio-
lations," the court can exercise its discretion concern-
ing such suspension according to the evidence and the
attendant circumstances.

In the instant case the court en banc, after due consideration of the evidence, has concluded that a suspension of defendant's license is not justified.

This court is fully cognizant of the necessity of regulatory and supervisory measures to keep highways as safe as possible for use by the public. If the evidence warrants it, the suspension of an operator's license should be upheld, but on the merits of the instant case a suspension for 90 days was unwarranted.

And now, May 25, 1953, the appeal of Paul W. Baker, defendant, from the decision of the Secretary of Revenue of Pennsylvania, suspending his motor vehicle operator's license for a period of 90 days from April 9, 1953, is sustained. The Secretary of Revenue is hereby ordered to restore the operator's license to Paul W. Baker, defendant.