Magida Motor Vehicle Operator License Case.

399

Argued March 6, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Elmer T. Bolla,* Deputy Attorney General, with him *Anne X. Alpern,* Attorney General, for Commonwealth, appellant.

*Jerome E. Parker,* with him *Farrell, Butler, Kearney and Parker,* for appellee.

OPINION BY WOODSIDE, J., March 22, 1961:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Lackawanna County reversing an order of the Secretary of Revenue suspending Paul Magida's operator's license for thirty days.

Magida was convicted in New Jersey of speeding at 72 miles per hour in a 50 mile per hour speed zone, and paid a fine of $27. Because of this conviction, the State of New Jersey denied him the privilege of operating a motor vehicle on the highways of that state for a period of thirty days from January 8, 1960.

After receiving notice of the conviction and conducting a hearing, the Secretary of Revenue of this Commonwealth suspended Magida's operator's license for a period of thirty days beginning May 23, 1960. See §618(e) of The Vehicle Code of 1959, P. L. 58, 75 P.S. §618(e). The actions by both the New Jersey and the Pennsylvania officials were based upon the speeding violation in New Jersey. Action against Magida by Pennsylvania authorities to suspend his operator's license was not started until after the thirty day period during which New Jersey forbade him to operate in that state.

Magida appealed to the Court of Common Pleas of Lackawanna County from the order of the Secretary of Revenue and secured an order of supersedeas from that court. After a hearing, the court below found that it was necessary for Magida to operate his automobile daily in New Jersey in furtherance of his business, and having been denied the privilege of operating in that state for thirty days, his "license should not be suspended in Pennsylvania inasmuch as he has been punished sufficiently by the suspension of his driving privileges for thirty days in New Jersey, during which period he was unable to make his daily trips to that State."

The court below did not have advantage of our opinion in *Anen Motor Vehicle Operator License Case*, 194 Pa. Superior Ct. 379, 169 A. 2d 600 (1961), in which we held that, on an appeal from the Secretary of Revenue, the courts of common pleas have no authority to modify the secretary's order, even though the court may be of the opinion that the "penalty" is too severe. Courts cannot function as ex officio pardon boards to mitigate the penalties which the legislature empowered the Secretary of Revenue to impose. *Commonwealth v. Moogerman*, 385 Pa. 256, 259, 122 A. 2d 804 (1956).

There is no question of the conviction of Magida in New Jersey for speeding. Under such circumstances, the court has no authority to reverse the Secretary of Revenue solely because it considers the period of suspension to be a too severe penalty. Economic hardship, standing alone, is insufficient to excuse the violation. *Commonwealth v. Emerick*, 373 Pa. 388, 96 A. 2d 370 (1953); *Commonwealth v. Greer*, 373 Pa. 400, 96 A. 2d 376 (1953); *Commonwealth v. McCullough*, 373 Pa. 402, 96 A. 2d 377 (1953); *Commonwealth v. Matil*, 373 Pa. 404, 96 A. 2d 380 (1953); *Commonwealth v. Cornetti*, 373 Pa. 407, 96 A. 2d 378 (1953); *Commonwealth v. Roher*, 373 Pa. 409, 96 A. 2d 382 (1953); *Commonwealth v. Starcher*, 373 Pa. 411, 96 A. 2d 383 (1953); *Commonwealth v. Gaiser*, 373 Pa. 413, 96 A. 2d 379 (1953).

The court below points out that there is now an agreement on procedure between New Jersey and Pennsylvania administrative agencies which, under the circumstances of this case, would result in the licensee being denied the privilege of operating in New Jersey only during the period of the Pennsylvania suspension. This action on the part of the officials of the two states is praiseworthy. But the Secretary of Revenue cannot be denied the right to suspend Magida's operator's license in Pennsylvania merely because New Jersey pre-

viously denied him the privilege of operating in that state. Neither does the action of the two states constitute "double punishment." See *Levy Motor Vehicle Operator License Case,* 194 Pa. Superior Ct. 390, 169 A. 2d 596 (1961).

Order of the court below is reversed, and the order of the Secretary of Revenue suspending appellee's license for thirty days is reinstated.