Lucchetti Motor Vehicle Operator License Case.

Argued November 13, 1968.   Before Wright, P. J., Watkins, Montgomery, Jacobs, Hoffman, Spaulding, and Hannum, JJ.

*Elmer T. Bolla,* Deputy Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WRIGHT, P. J., December 12, 1968:

On April 30, 1966, at two o'clock A.M., Vincent Lucchetti was apprehended for operating his Buick Coupe on the Pennsylvania Turnpike at a rate of 91 miles per hour in a 65 mile-per-hour speed zone. An information was filed before a justice of the peace and, on May 31, 1966, Lucchetti paid a fine of $15.00 and costs. On March 2, 1967, after hearing, the Secretary of Revenue suspended Lucchetti's operating privilege for a period of one month.[1] On January 10, 1968, the Court of Common Pleas of Westmoreland County reversed the action of the Secretary of Revenue, and directed that Lucchetti's operating privilege be restored. This appeal by the Commonwealth followed. The fac-tual situation appears in the following excerpt from the opinion below:

"On April 30, 1966, appellant was clocked by lawfully operating radar equipment as operating a motor vehicle at the rate of 91 miles an hour in a 65 mile per hour speed zone along the Pennsylvania Turnpike in West Calico Township, Lancaster County. The highway is four-lane divided concrete, the road conditions were dry and it was nighttime. An Information was thereafter duly filed before a Justice of the Peace whereupon appellant paid the fine and costs by mail.

"Appellant testified in his own behalf. He testified that he is married, has four children and is self-employed. He testified to the necessity of retention of his operating privileges in order to operate his busi-

---

[1] This offense was not governed by the amendment to The Vehicle Code establishing the point system, which did not become effective until July 24, 1966. See *Digangi Motor Vehicle Operator License Case*, 209 Pa. Superior Ct. 444, 229 A. 2d 9.

ness. As to the offense in question, he testified that at the time he was driving to New York City with his wife, one of his sons, and a daughter-in-law. He testified definitely he was not operating anywhere nearly as fast as 91 miles per hour".

The lower court's reasoning was as follows: "There is no showing that there was any danger created by the action of the appellant and there is considerable doubt as to whether or not the purported speed was the actual speed of the appellant at the time and place in question. The Court believes, however, that there was a speeding violation, but that that speeding violation did not involve any danger other than the speed itself, nor was there any accident or any other circumstances aggravating the violation. Appellant testified that he operates a motor vehicle in excess of 30,-000 miles per year and needs his operating privileges in order to carry forth his occupation. In light of all of these circumstances, the Order of the Secretary should be reversed".

The only authority cited in the opinion below is *Commonwealth v. Wagner*, 364 Pa. 566, 73 A. 2d 676. Reliance was placed on that case for the proposition that the court of common pleas has power to make an independent determination of the merit of the suspension. However, the general principle announced in the *Wagner* case has been substantially limited by later decisions of our Supreme Court. *Commonwealth v. Emerick*, 373 Pa. 388, 96 A. 2d 370, holds that economic hardship is an insufficient reason to excuse a speeding violation. To the same effect are *Commonwealth v. Greer*, 373 Pa. 400, 96 A. 2d 376; *Commonwealth v. McCullough*, 373 Pa. 402, 96 A. 2d 377; *Commonwealth v. Matil*, 373 Pa. 404, 96 A. 2d 380; *Commonwealth v. Cornetti*, 373 Pa. 407, 96 A. 2d 378; *Commonwealth v. Roher*, 373 Pa. 409, 96 A. 2d 382;

*Commonwealth v. Starcher,* 373 Pa. 411, 96 A. 2d 383; *Commonwealth v. Gaiser,* 373 Pa. 413, 96 A. 2d 379. Similar decisions in the Superior Court are *Magida Motor Vehicle Operator License Case,* 194 Pa. Superior Ct. 398, 169 A. 2d 602, and *Klitsch Motor Vehicle Operator License Case,* 213 Pa. Superior Ct. 53, 245 A. 2d 688. It was flatly ruled in *Commonwealth v. Moogerman,* 385 Pa. 256, 122 A. 2d 804, that a motor vehicle operator's license may properly be suspended on the basis of unlawful speed alone.

Briefly stated, we are all of the opinion that the Secretary of Revenue was not guilty of an abuse of discretion in the case at bar, and that the court below erred in sustaining Lucchetti's appeal. Cf. *Breshman Motor Vehicle Operator License Case,* 210 Pa. Superior Ct. 352, 233 A. 2d 617.

The order of the court below is reversed, and the order of the Secretary of Revenue is reinstated.