## Commonwealth v. Pison.

Argued April 22, 1971 before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Anthony J. Maiorana*, Assistant Attorney General, with him *Robert W. Cunliffe*, Deputy Attorney General, and *J. Shane Creamer*, Attorney General, for apppellant.

No appearance for appellee.

OPINION BY JUDGE MENCER, June 29, 1971:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Allegheny County reversing the order of the Secretary of Revenue

(now the Secretary of Transportation) suspending the motor vehicle license of John Paul Pison for two months.

In appeals of this nature our duty is to examine the testimony to determine whether the findings of the court below are supported by competent evidence and to correct any erroneous conclusions of law, and the action of the lower court will not be disturbed on appeal except for manifest abuse of discretion. *Commonwealth v. James F. McCartney*, 2 Pa. Commonwealth Ct. 540, 279 A. 2d 77 (1971), and cases cited therein.

The appellee was apprehended as a result of a radar speed check on September 26, 1969, for driving his automobile at 82 m.p.h. in a 65 m.p.h. zone on Interstate 80 near its intersection with Route 8, and was charged with a violation of Section 1002(b)(8) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b)(8). Appellee paid a fine for his violation and was subsequently ordered to appear for a hearing before a representative of the Secretary. A departmental hearing was held, at which appellee appeared, and, based on information on file and evidence adduced at the hearing, a suspension of two months, beginning August 11, 1970, was imposed as authorized by Section 618(b)(2) of The Vehicle Code, as amended, 75 P.S. §618(b)(2). The appellee then appealed to the Court of Common Pleas of Allegheny County which reversed the Secretary's order. This appeal by the Commonwealth followed. This is not a Point System case.

The following circumstances and reasons were set forth by the lower court in justification for its decision: "After having heard the testimony, the reason for sustaining the appeal of the defendant was the testimony as to extenuating circumstances. *There is no question that the defendant did exceed the posted speed limit in accordance with the testimony of the state police officer.* The defendant was operating his auto on a downgrade

on a newly constructed limited access highway when traffic was light. Defendant is married with two children and is employed by United States Steel as an electronic technician. The only way that defendant can get to and from his place of employment in Allegheny County, which is a round trip distance of 35 miles each day, is by automobile. Defendant testified that on May 26, 1970, he and his father was [sic] in the auto and were experiencing difficulty with the vehicle. The automobile was overheating when operated at a low speed and began 'bucking or missing'. In an effort to clear the engine trouble, defendant speeded his auto on an upgrade intending to immediately slow to a normal speed. If the tactic did not work defendant testified he probably would have to pull off the road. Defendant did stop accelerating at the crest of the hill and then saw the radar operator on the downgrade. The defendant testified that he accelerated his auto that one particular instant and the trooper was there at that particular moment. ***Considering the testimony of the defendant as truthful, the court sustained the appeal on the basis of the severe economic hardship, the trouble which developed in the operation of the auto and the fact that the violation was one of a very short duration after the defendant had first made certain that there was no other traffic which could be involved by his action." (Emphasis added.)

Economic hardship, standing alone, is an insufficient reason to excuse a speeding violation. As the Supreme Court said in *Commonwealth v. Emerick*, 373 Pa. 388, 399-400, 96 A. 2d 370, 375-376 (1953):

"The learned court below set aside the suspension of the operator's license and restored same *solely* upon the ground of economic hardship. The court said in its order:

'[It] would work an undue hardship upon the defendant and his family, in that he is a steel worker

with no other practical means of obtaining transportation to his employment [***], the appeal of the defendant is allowed and the suspenison of his operator's license is set aside and the same restored to him.'

This constitutes a manifest abuse of discretion by the hearing judge. Every time a person is convicted of a crime and is sentenced to prison, he and his family doubtless suffer an economic loss. But this constitutes no excuse for defendant's wrongdoing. The defendant manifestly was speeding in an endeavor to elude arrest and thus jeopardized his own life and limb and those of other users of the highway. Economic hardship standing alone is insufficient to excuse such a violation." *See also Commonwealth v. Greer,* 373 Pa. 400, 96 A. 2d 376 (1953); *Commonwealth v. McCullough,* 373 Pa. 402, 96 A. 2d 377 (1953); *Commmonwealth v. Matil,* 373 Pa. 404, 96 A. 2d 380 (1953); *Commonwealth v. Cornetti,* 373 Pa. 407, 96 A. 2d 378 (1953); *Commonwealth v. Roher,* 373 Pa. 409, 96 A. 2d 382 (1953); *Commonwealth v. Starcher,* 373 Pa. 411, 96 A. 2d 383 (1953); *Commonwealth v. Gaiser,* 373 Pa. 413, 96 A. 2d 379 (1953); *Lucchetti Motor Vehicle Operator License Case,* 213 Pa. Superior Ct. 397, 249 A. 2d 783 (1968); *DeFlavio Motor Vehicle Operator License Case,* 213 Pa. Superior Ct. 400, 249 A. 2d 784 (1968); *Sludky Motor Vehicle Operator License Case,* 213 Pa. Superior Ct. 403, 249 A. 2d 786 (1968); *Kerr Motor Vehicle Operator License Case,* 213 Pa. Superior Ct. 406, 249 A. 2d 787 (1968); *Angeliccho Motor Vehicle Operator License Case,* 213 Pa. Superior Ct. 409, 249 A. 2d 788 (1968).

This case differs from *Emerick* in that the aggravating circumstance of speeding to elude arrest is not present here. Nevertheless, the fact that traffic is not heavy has been clearly held as no basis to overturn the suspension of a license for a speeding violation. Thus in *DeFlavio Motor Vehicle Operator License Case,* 213 Pa.

Superior Ct. 400, 402, 249 A. 2d 784, 785 (1968), where DeFlavio traveled at 72 m.p.h. in a 50 m.p.h. speed zone, the Court held that the license should be suspended, even though the lower court found that "the weather was clear and the traffic was light", "there was no danger to life, limb or property created by his operation of the vehicle", and "this is a case of speed and speed alone without any aggravating circumstances."

In this case it is undisputed that appellee was speeding, and the lower court's opinion flatly agrees. Speeding in and of itself is sufficient reason for the Secretary to suspend an operator's license. *Lucchetti Motor Vehicle Operator License Case, supra; DeFlavio Motor Vehicle Operator License Case, supra; see also Commonwealth v. Moogerman*, 385 Pa. 256, 122 A. 2d 804 (1956).

Appellee's contention that he speeded up his automobile because of engine difficulty does not excuse him from a suspension of his license. As the Commonwealth states in its brief: "In light of the accepted judicial reasoning of the Appellate courts concerning excessive speed as being a sufficient reason for suspending a license due to the dangers of speed, itself, even where the road is in good condition and there is no other traffic, it follows that speeding with engine trouble is no basis for Appellee to prevail. It was obviously more dangerous for Appellee to speed 17 miles over the speed limit with a bucking engine, than it would have been for him to speed with his car in proper working order. See, Romm Motor Vehicle Operator License Case, 212 Pa. Superior Court, 369, 243 A. 2d 471 (1968), where the Superior Court reversed the Court below even though the defendant alleged the speeding was caused by his accelerator sticking. See also, Wall Motor Vehicle Operator License Case, 212 Pa. Superior Court 376, 243 A. 2d 475 (1968) where the Superior Court reversed the

Court below even though Doctor Wall alleged that the Cruise-o-Matic speed control was defective."

Finally, the opinion of the lower court is not in accordance with the directions of the Supreme Court in *Commonwealth v. Etzel*, 370 Pa. 253, 258, 86 A. 2d 64, 66 (1952), "to make specific findings of fact from the evidence adduced at the hearing and, then, to enter a final order consonant with such findings." *See Commonwealth v. James F. McCartney, supra.*

The order of the court below is reversed, and the order of suspension imposed by the Secretary of Revenue (now Secretary of Transportation) is reinstated. A reinstated suspension shall be issued within thirty days.