IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Pennsylvania Public Utility Commission, | : | **CASES CONSOLIDATED** |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 19 C.D. 2020 |
| | : | |
| Scott Blanchard and StateImpact Pennsylvania, | : | |
| | : | |
| Respondents | : | |
| | : | |
| Energy Transfer, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 26 C.D. 2020 |
| | : | |
| Scott Blanchard and | : | Submitted: August 12, 2022 |
| StateImpact Pennsylvania, | : | |
| Respondents | | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ELLEN CEISLER, Judge
HONORABLE MARY HANNAH LEAVITT, Senior Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED: August 22, 2023

In these consolidated Right-to-Know Law (RTKL)[1] cases, the Pennsylvania Public Utility Commission (PUC) and Energy Transfer (together, Petitioners) petition for review of the December 12, 2019 Final Determination of the Office of Open Records (OOR), which granted, in part, the appeal of Scott Blanchard and StateImpact Pennsylvania (together, Requester) from the PUC's partial denial of

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S §§ 67.101-67.3104.

Requester's RTKL request (Request).  At issue in this appeal is whether, pursuant to the recent decisions in *Pennsylvania Public Utility Commission v. Friedman*, 244 A.3d 515 (Pa. Cmwlth. 2020) (*Friedman I*), *aff'd*, 265 A.3d 421 (Pa. 2021) (*Friedman II*), the OOR erred in assuming jurisdiction over, and directing production of, responsive records that have been designated as confidential security information (CSI) under the Public Utility Confidential Security Information Disclosure Protection Act (CSI Act).[2] Upon review, we reverse the OOR.

## I.      FACTS AND PROCEDURAL HISTORY

### A.      The Request and Proceedings Before the OOR

On August 21, 2019, Requester submitted the Request to the PUC, therein seeking the following records:

> I request [Energy Transfer's] response to the PUC's [February] 16, 2018 letter asking for information on [Energy Transfer's] emergency response plans in the event of a Mariner East pipeline failure.  That letter is attached.  I am seeking [Energy Transfer's] full response to all eight of the PUC's demands.
>
> In addition, I request any notification (by letter or other form of communication) from PUC to [Energy Transfer] regarding enforcement actions if [Energy Transfer] did not meet its March 12, 2018 deadline; or any acknowledgement (by letter or other form of communication) that PUC received the material by that deadline.

(Reproduced Record (R.R.) at 0011a.)  After initially invoking an extension of time to respond to the Request pursuant to Section 902(b) of the RTKL, 65 P.S. § 67.902(b), the PUC granted the Request, in part, and denied it, in part.  (R.R. at 0007a, 0014a-15a.)  In its response, the PUC stated that Energy Transfer responded to the PUC's February 16, 2018 letter on March 12, 2018.  The PUC produced Energy Transfer's

---

[2] Act of November 29, 2006, P.L. 1435, 35 P.S. §§ 2141.1-2141.6.

2

March 12, 2018 cover letter and further advised that, "[t]o the extent other records responsive to [the Request] are not exempt from disclosure, they can be accessed on the [PUC's] website . . . ." (R.R. at 0014a.) The PUC otherwise denied the Request, contending that the requested records were exempt from disclosure pursuant to (1) the CSI Act,[3] (2) the infrastructure security RTKL exemption, Section 708(b)(3), 65 P.S. § 67.708(b)(3), and (3) the noncriminal investigation RTKL exemption, Section 708(b)(17), 65 P.S. § 67.708(b)(17). (R.R. at 0015a.)

Requester appealed the PUC's partial denial of the Request to the OOR on October 15, 2019, and Energy Transfer was permitted to participate in the appeal. The PUC argued before the OOR that, because Energy Transfer had designated its entire production as CSI, pursuant to Sections 3 and 4 of the CSI Act, 35 P.S. § 2141.3,[4]

---

[3] With its March 12, 2018 cover letter, Energy Transfer produced to the PUC a collection of "information[,] responses[,] and documents," the entirety of which it designated as CSI. (R.R. at 0008a.)

[4] Sections 3(a) through 3(c) of the CSI Act provide, in pertinent part, as follows:

> **(a) General rule.--**The public utility is responsible for determining whether a record or portion thereof contains [CSI]. When a public utility identifies a record as containing [CSI], it must clearly state in its transmittal letter, upon submission to an agency, that the record contains [CSI] and explain why the information should be treated as such.
>
> **(b) Submission of confidential security information.--**An agency shall develop filing protocols and procedures for public utilities to follow when submitting records, including protocols and procedures for submitting records containing [CSI]. . . .
>
> **(c) Challenges to designation of confidential security information.--**Challenges to a public utility's designation or request to examine records containing [CSI] by a member of the public shall be made in writing to the agency in which the record or portions thereof were originally submitted. . . .

**(Footnote continued on next page…)**

2141.4,[5] the production was not subject to disclosure under the RTKL and was not within the jurisdiction of the OOR. (R.R. at 0031a-38a.) The PUC also again argued that the documents were exempt from disclosure pursuant to the infrastructure security and noncriminal investigation exemptions of the RTKL. *Id.*

In support of its position before the OOR, the PUC submitted the affidavits of Rosemary Chiavetta and Richard Kanaskie. (R.R. at 0049a-50a.) Chiavetta, who is the PUC's secretary and records custodian, attested that the PUC's Bureau of Investigation and Enforcement (BIE) had commenced an investigation of Energy Transfer's Mariner East 1 pipeline and that the investigation was ongoing. (R.R. at 0050a.) She further attested that all of the withheld documents had been designated as CSI and that no challenge to that designation had been filed with the PUC. *Id.* Kanaskie, the director of the BIE, also attested that the records are CSI and otherwise exempt from disclosure under the public safety[6] and infrastructure security exemptions of the RTKL. (R.R. at 0052a-53a.)

Energy Transfer similarly argued before the OOR that its production to the PUC is CSI and therefore not subject to disclosure under the RTKL or the OOR's jurisdiction. (R.R. at 0059a-65a.) It further argued that the records were exempt from disclosure under the infrastructure and noncriminal investigation RTKL exemptions, and as confidential proprietary information/trade secrets.[7] (R.R. at 0066a-71a.) In

35 P.S. § 2141.3(a)-(c).

[5] Section 4 of the CSI Act provides that "[p]ublic utility records or portions thereof which contain [CSI], in accordance with the provisions of [the CSI Act], shall not be subject to the provisions of the . . . [RTKL]." 35 P.S. § 2141.4.

[6] Section 708(b)(2) of the RTKL, 65 P.S. § 67.708(b)(2).

[7] Section 708(b)(11) of the RTKL, 65 P.S. § 67.708(b)(11).

4

support, Energy Transfer submitted the declaration of Todd Nardozzi, Energy Transfer's Senior Manager of Transportation Compliance. (R.R. at 0080a-85a.) In his declaration, Nardozzi confirmed that Energy Transfer's production to the PUC was designated as CSI and detailed the content of the production and the reasons why the records were so designated. *Id.*

The OOR issued its Final Determination on December 12, 2019. It concluded that, although the PUC established the applicability of the noncriminal investigation RTKL exemption, pursuant to Section 3101.1 of the RTKL, 65 P.S. § 67.3101.1, exemptions do not apply if they conflict with other state or federal law. (OOR Final Determination at 7-8; R.R. at 0108a-09a.) The OOR then concluded that, pursuant to Section 335(d) of the Public Utility Code (PU Code),[8] 66 Pa. C.S. § 335(d),[9] records collected as part of a public utility's noncriminal investigation are disclosable if those records were relied upon by the PUC in making a "decision" based on the investigation. (R.R. at 0108a-09a.) The OOR concluded that, to the extent that the PUC has made a "decision," any of the responsive records that formed the basis of that decision must be produced. (R.R. at 0110a.) The OOR did not analyze the remainder of the grounds for nondisclosure asserted by the PUC and Energy Transfer. It did note,

---

[8] 66 Pa. C.S. §§ 101-3316.

[9] Section 335(d) of the PU Code provides, in pertinent part, as follows:

> [W]henever the [PUC] conducts an investigation of an act or practice of a public utility and makes a decision, enters into a settlement with a public utility or takes any other official action, as defined in the Sunshine Act[, 65 Pa. C.S. §§ 701-716], with respect to its investigation, it shall make part of the public record and release publicly any documents relied upon by the [PUC] in reaching its determination, whether prepared by consultants or [PUC] employees, other than documents protected by legal privilege[.]

66 Pa. C.S. § 335(d).

however, that the transmittal letter from Energy Transfer designating the records as CSI "does not explain why the information should be treated as confidential." (OOR Final Determination at 7 n.2; R.R. at 0108a.) Regarding the PUC's and Energy Transfer's challenge to the OOR's jurisdiction in light of Energy Transfer's CSI designation, the OOR concluded that

> [the] CSI Act and the regulations specifically mandate that certain records are public and/or subject to the RTKL. Accordingly, in this adjudication, the OOR is not determining the propriety of a CSI designation; rather, we are analyzing applicability of the RTKL to the records requested, which are subject to the RTKL.

(OOR Final Determination at 9 n.4; R.R. at 0110a.)

The PUC and Energy Transfer filed their petitions for review in this Court on January 9 and 10, 2020, respectively. They argue fundamentally that the OOR erred in exercising jurisdiction over records designated as CSI and in concluding that the PUC must produce any records that form the basis of any "decision" it rendered after concluding its investigations of Energy Transfer's pipelines.

### B.     *Friedman I and II*

Subsequent to PUC and Energy Transfer filing their petitions for review in the instant cases, we decided *Friedman I*.[10] In that case, the requester (Friedman) submitted a RTKL request to the PUC for records produced to the PUC by Energy Transfer regarding its pipeline operations. The PUC denied the request in its entirety because the responsive records had been designated as CSI. Friedman appealed to the OOR, which concluded that the PUC had not proven that the requested records were

---

[10] We stayed these cases pending our disposition of *Friedman I* and the Pennsylvania Supreme Court's decision in *Friedman II*. Thereafter, we directed the parties to file supplemental briefs addressing the impact of *Friedman II*. Petitioners have done so. Requester has not filed a principal or supplemental brief in this Court, and we therefore are without the benefit of Requester's written arguments.

CSI and, accordingly, directed their disclosure. The PUC and Energy transfer appealed to this Court, arguing, in pertinent part, that the OOR erred in finding that the records requested were not protected from disclosure pursuant to the CSI Act. We agreed, concluding that, under the plain language of the CSI Act, the "OOR does not administer the CSI Act and is not directed by the statute to oversee the determination of whether requested information qualifies as CSI." *Friedman I*, 244 A.3d at 519-20. Instead, we concluded that "the administration of the CSI Act rests with the PUC," and the OOR acted outside its authority by determining that the requested information was not CSI. *Id.* at 520. We did not reach the issues regarding whether the requested records were exempt under the RTKL because all the responsive records involved were designated as CSI.

Friedman appealed to the Pennsylvania Supreme Court, which affirmed in *Friedman II*. The issue considered by the Supreme Court was "whether the OOR had any statutory authority to identify and release to the public records that a public utility has submitted to the PUC with a designation of CSI." 265 A.3d at 428. The Court concluded that,

> [b]ecause the disclosure of a public utility's CSI-records could present a significant risk to public safety, we conclude that the General Assembly intended to provide a unique vehicle in the CSI Act for protecting CSI from disclosure. To that end, it removed CSI from the domain of the OOR under the RTKL and placed it squarely in the hands of public utilities and qualified agencies under the CSI Act. In other words, where CSI-designated records are at issue, the General Assembly intended the specific provisions of the CSI Act to prevail over the general provisions of the RTKL.

*Id.* at 431. The Court further concluded as follows:

> The PUC is . . . the administrative body that oversees public utilities in Pennsylvania, . . . receives records from public

utilities[,] and has developed protocols and procedures for the filing of a CSI record, the maintenance of CSI records, and challenges to CSI-designations and requests to examine CSI records. 35 P.S. §§ 2141.2 & [2141].3; 52 Pa. Code §§ 102.3 & [102].4. Such challenges include claims that a public utility failed to comply with the filing requirements of the CSI Act. In such cases, the PUC has express authority, and the expertise, to determine if a public utility record has been properly designated, both substantively and procedurally, and to afford a public utility with the opportunity to resubmit a record that was improperly, defectively, or not designated as CSI. 52 Pa. Code § 102.3(d)-(f). Thus, determining the consequences of failing to comply with the CSI Act or PUC regulations is also an express function of the PUC, not the OOR.

Based on our interpretation of the RTKL and the CSI Act, we conclude the General Assembly intended for the RTKL to yield to the CSI Act in the dual areas of designating and accessing CSI. In short, a CSI-record is not a "public record" under the RTKL and, therefore, is not subject to disclosure through a RTKL request. . . .

. . . .

. . . [T]he OOR had authority to interpret the CSI Act as to the public nature of Energy Transfer's CSI, but it was not in a position to enforce the CSI Act's procedures for public access to CSI. Although Friedman specifically requested non-CSI records from the PUC through the RTKL, the PUC determined, as it was authorized to do, that Energy Transfer had designated records responsive to Friedman's request as containing CSI. That designation and determination triggered the protections of the CSI Act, including the procedure for challenging a CSI-designation or the denial of a request for records that contain CSI in the PUC. The OOR had only to consider the definition of "public record" in the RTKL to realize that CSI-designated records fall outside its bailiwick and that it lacked authority to apply the substantive or procedural provisions of the CSI Act or to conclude that

8

> records designated by Energy Transfer as CSI and accepted
> by the PUC as CSI were, in fact, public and accessible.

*Id.* at 432-33. Accordingly, the Supreme Court affirmed *Friedman I*, directing that, "[u]pon receipt of CSI-designated records and supporting affidavits [from the PUC], the OOR should have yielded jurisdiction of [the RTKL] request to the PUC." *Id.* at 434.

## II.    DISCUSSION

Both the PUC and Energy Transfer argue that *Friedman I* and *II* are dispositive of these appeals because the Pennsylvania Supreme Court has ruled that CSI-designated records categorically are outside the jurisdiction of the OOR, which cannot direct disclosure of such records on any grounds. We must agree.[11]

Subsequent to *Friedman I* and *II*, this Court had the opportunity to assess the impact of those decisions on similar and related RTKL requests seeking records from the PUC regarding its investigations of Energy Transfer's pipeline operations. In *Pennsylvania Public Utility Commission v. Friedman*, 293 A.3d 803 (Pa. Cmwlth. 2023), we considered, in pertinent part, whether under *Friedman I* and *II* the OOR could direct the disclosure of CSI-designated records provided by Energy Transfer to the PUC where the OOR determined that the PUC and Energy Transfer had not proven that the withheld records were considered or contained CSI and had not complied with the procedures for designating and protecting CSI set forth in Section 3 of the CSI Act

---

[11] We exercise a de novo standard of review and a plenary scope of review of OOR determinations. *Bowling v. Office of Open Records*, 75 A.3d 453, 472 (Pa. 2013). De novo review permits the court to determine the case anew, including matters pertaining to testimony and other evidence. *Id.* at 466 n.14 (citing *Commonwealth v. Emerick*, 96 A.2d 370, 373-74 (Pa. 1953)). Accordingly, this Court may consider facts and legal arguments not brought before the OOR when deciding petitions for review of OOR decisions. *Id.* at 475-77.

and the PUC's related regulation, 52 Pa. Code § 102.3(b).[12] 293 A.3d at 812. The PUC and Energy Transfer argued that the OOR could not direct disclosure of the records because they were designated as CSI and, under *Friedman I* and *II*, were not within the OOR's jurisdiction. In rejecting that argument, the OOR concluded, as it did in the instant case and with identical language, that

> the [CSI] Act and the regulations specifically mandate that certain records are public and/or subject to [the] RTKL. Accordingly, in this adjudication, the OOR is not determining the propriety of a CSI designation; rather we are analyzing applicability of the RTKL to the records requested, which are subject to the RTKL.

*Id.* at 813.

We agreed with the PUC and Energy Transfer that, under *Friedman I* and *II*, Energy Transfer's designation of the requested records as CSI removed them from the OOR's jurisdiction:

> Regarding the CSI[-designated r]ecords, a review of the OOR's [f]inal [d]etermination here reflects the OOR made the same errors reversed in *Friedman I* and *II*. The OOR made

---

[12] This regulation provides as follows:

> (b) Filing requirements. When a public utility is required to submit a record that contains [CSI] to the [PUC], the public utility shall do the following:
>
> > (1) Clearly state in its transmittal letter to the [PUC] that the record contains [CSI] and explain why the information should be treated as confidential. The transmittal letter will be treated as a public record and may not contain any [CSI].
> >
> > (2) Separate the information being filed into at least two categories:
> >
> > > (i) Records that are public in nature and subject to the [RTKL].
> > >
> > > (ii) Records that are to be treated as containing [CSI] and not subject to the [RTKL].

52 Pa. Code § 102.3(b).

10

an express determination that, in order for a record to be nondisclosable CSI, [the p]etitioners were required to comply with the procedures for submitting and protecting CSI as a condition precedent for preventing their disclosure under the CSI Act. However, *Friedman II* rejected a similar procedural argument by the [r]equester, which . . . was based on the OOR's finding that the CSI Act's procedural requirements had not been met.

As the Supreme Court explained, <u>the PUC has express authority, and the expertise, to determine if a public utility record has been properly designated, both substantively and procedurally, and to afford a public utility with the opportunity to resubmit a record that was improperly, defectively, or not designated as CSI.</u> Determining the consequences of a public utility's failure to comply with PUC regulations or the CSI Act regarding the submission of documents is an express function of the PUC, not the OOR. Regardless of the protocols and procedures developed by the PUC . . . , upon its review, the PUC determined that at least some of the responsive records here did include nondisclosable CSI. Pursuant to *Friedman II*, <u>once the PUC made this determination and advised the OOR of its position through affidavits and supporting evidence, the OOR's inquiry should have ended with regard to those [records], and the OOR should have yielded jurisdiction of [the] request to the PUC.</u> Thus, the proper forum . . . to challenge the PUC's determination that there are responsive records containing CSI or are CSI is with the PUC, not the OOR. As a result, any challenge to [records] that contain CSI . . . is outside the OOR's authority, and the [f]inal [d]etermination directing their disclosure is reversed.

*Id.* at 820 (quotations and citations omitted) (emphasis added).

We conclude similarly here. The OOR bypassed entirely the fact that Energy Transfer designated as CSI its entire production of documents to the PUC. That fact is not disputed in the record. The OOR concluded that, although the noncriminal investigation exemption otherwise applied to the records, they nevertheless *could be*

11

disclosable under Section 335(d) of the PU Code *if* the PUC made a "decision" based on those records. As is now clear, under *Friedman I* and *II*, the OOR had no jurisdiction to make those determinations once the CSI designation was established in the record. It should have turned the Request over to the PUC prior to performing any further analysis under the RTKL, the PU Code, or otherwise. Because it did not do so, we reverse its Final Determination.

 

 

_____
PATRICIA A. McCULLOUGH, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Pennsylvania Public Utility Commission, | : | **CASES CONSOLIDATED** |
| Petitioner | : | |
| | : | |
| v. | : | No. 19 C.D. 2020 |
| | : | |
| Scott Blanchard and StateImpact Pennsylvania, | : | |
| Respondents | : | |
| | : | |
| Energy Transfer, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 26 C.D. 2020 |
| | : | |
| Scott Blanchard and StateImpact Pennsylvania, | : | |
| Respondents | : | |

## *ORDER*

AND NOW, this 22nd day of August, 2023, the December 12, 2019 Final Determination of the Office of Open Records is hereby REVERSED.

_____
PATRICIA A. McCULLOUGH, Judge