# DeFlavio Motor Vehicle Operator License Case.

Argued November 13, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ..

*Elmer T. Bolla,* Deputy Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WRIGHT, P. J., December 12, 1968:

This appeal is ruled by our opinion filed this day in *Lucchetti Motor Vehicle Operator License Case,* 213 Pa. Superior Ct. 397, 249 A. 2d 783. The factual situation and reasoning of the hearing judge appear in the following excerpt from the opinion below:

"On April 18, 1966, at approximately 3:50 o'clock A.M., appellant was timed by lawfully operating radar equipment by Troopers of the Pennsylvania State Police as operating a motor vehicle at the rate of 72 miles per hour in a 50 mile per hour speed zone along U. S. Route 30 in Hempfield Township, Westmoreland

County, Pennsylvania. At this time and place, the highway was four-lane, divided and concrete, and dry. The weather was clear and the traffic was light. An Information was thereafter filed against the appellant charging the speeding violation and a Departmental Hearing was granted the appellant. Appellant's record of previous operating violations consisted of a speeding violation in 1965 charging driving at the rate of 64 miles an hour in a 50 mile per hour speed zone. The arresting officer testified that appellant's vehicle was the only vehicle in the vicinity at the time of the arrest, and there was no danger to life, limb or property created by his operation of the vehicle.

"Appellant testified in his own behalf. He is the proprietor of a hotel and lounge in Latrobe and testified to the necessity of continued retention of his operating privileges in order to pursue his occupation. He explained the circumstances surrounding his initial speeding violation. The offense occurred on the Parkway West in the City of Pittsburgh, passing through the City of Pittsburgh, and was a technical violation with no aggravating circumstances.

"It is the opinion of this Court that this is a case of speed and speed alone without any aggravating circumstances. Both the instant violation and the prior violation were in their nature technical, and due to the circumstances surrounding each of the offenses, most particularly in the instant case, the appellant's automobile was the only automobile at the time on the highway, and his driving created no danger of any kind to any vehicle. Under the circumstances here present, we are of the opinion that appellant's operating privileges should be restored. Commonwealth v. Wagner, 364 Pa. 566 (1950)".

As we pointed out in the *Lucchetti* case, the general principle announced in the *Wagner* case, upon

which the lower court relied, has been substantially limited by later decisions. It is now the law that economic hardship is an insufficient reason to excuse a speeding violation, and that an operator's motor vehicle license may be suspended on the basis of speed alone.

The order of the court below is reversed, and the order of the Secretary of Revenue is reinstated.