## Commonwealth v. Kent

*Emanuel H. Klein*, for appellant.
*Samuel Glantz*, for Commonwealth.

BIESTER, P. J., July 11, 1958.—This is an appeal

from the action of the Secretary of Revenue in suspending the operating privileges of appellant arising out of the offense of permitting a motor vehicle owned by him to be operated by a person having no legal right to do so . . . (findings of fact omitted)

Section 615(*b*) of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §192, authorizes the Secretary to suspend the operator's license of any person found by the Secretary, upon sufficient evidence, to have committed any violation of the motor vehicle or tractor laws of this Commonwealth.

Article VI, sec. 622, of The Vehicle Code, 75 PS §233, provides as follows:

"No person shall authorize or permit a motor vehicle or tractor owned by him, or under his control, to be operated by any person who has no legal right to do so, or in violation of any of the provisions of this act."

In such cases as this we are required to hear de novo witnesses of the Commonwealth and the witnesses of the licensee, and from the testimony taken, determine anew whether the operator's license should be suspended. In reaching our conclusion we may consider, inter alia, whether the violation was unintentional or accidental, whether it was attributable to inadvertence or emergency and whether it will involve economic hardship, although the latter alone is not sufficient to justify the court in setting aside the suspension. The applicable principles are set forth in a number of appellate decisions of which Commonwealth v. Wagner, 364 Pa. 566, and Commonwealth v. Emerick, 373 Pa. 388, are especially helpful.

During the course of the testimony appellant agreed that he had no regular drivers for the five trucks that he owned and that it was his custom to select migrant workers to operate his trucks, after first ascertaining that such workers were possessed of an operator's li-

cense. He further admitted that he knew that Sutton was possessed of a learner's permit as he had assisted Sutton in procuring it. There was some testimony to the effect that at one time Sutton had exhibited to appellant a Florida driver's license, but there is no evidence that this was a valid license in effect at the time Sutton was operating appellant's truck. The State policeman testified that no reference had been made to this Florida license at any time prior to the present hearing, either by Sutton or appellant.

There are several factors in appellant's favor in considering whether the action of the Department should be sustained, including the factor of economic hardship. On the other hand the very factor of economic hardship points up the careless practice engaged in by appellant in selecting, at random, migrant workers to operate vehicles on the highways of this Commonwealth. In the instant case, although appellant testified that he believed Sutton to be possessed of a Florida license, there was nothing to support this testimony and, in addition, the fact that appellant assisted in the procuring of a learner's permit would appear to indicate his recognition that a Pennsylvania driver's license was required by Sutton. Then, too, knowledge on the part of appellant that the operator was not licensed is not a necesary element of the offense: Commonwealth v. Denmoyer, 54 D. & C. 492.

Viewing the case from all corners, including appellant's prior conviction for reckless driving in 1955, we believe that the action of the Department was justified, and therefore enter the following

*Order*

And now, to wit, July 11, 1958, the within appeal is overruled and dismissed and the order of the Secretary of Revenue suspending the operator's license of appellant Abner Kent for a period of 30 days is hereby sustained and reinstated. Costs to be paid by appellant.